Chief Judge Conway.
The issue presented by this appeal is the validity of an ordinance of the town of Somers which provides, in substance, that no person may transport or dump *218 within the town garbage “ originating outside of the Town of Somers In this suit to restrain the enforcement of the ordinance,. the town’s counterclaim to restrain plaintiff’s violation thereof has been dismissed for legal insufficiency (Rules Civ. Prae., rule 109, subd. 5). It is the correctness of that determination which must be decided.
We'note at the outset that the statutory inhibition is directed against two activities, (1) transporting, and (2) dumping. Disposing first of the less substantial question, we hold that the broad prohibition against the use of the roads in Somers (which include a State and a Federal highway) is invalid in that it exceeds the power of the town board to regulate traffic (Vehicle and Traffic Law, §§ 54, 90; Town Law, § 130, subd. 7; People v. Grant, 306 N. Y. 258; Donovan v. Town of New Windsor, 132 Misc, 860). Upon this point all the members of this court agree. But there is a disparity of view upon the question of the validity of the ordinance insofar as it prohibits the dumping of non-Somérs garbage within the town.
The plaintiff contends that the ordinance is arbitrary on its face because it attempts to make a qualitative distinction between Somers and non-Somers garbage, when in fact there is none. The town, on the other hand, takes the position that the purpose and effect of the ordinance is simply and obviously to, reduce the quantity of garbage which may be dumped in Somers by limiting such dumping to garbage which is collected in Somers. We agree with the town and have no difficulty in concluding that this ordinance is an entirely reasonable and proper exercisé of the police power.
The principles which are applicable to this case are familiar indeed. Legislative enactments are presumed to be constitutional, i.e., they are presumed to be supported by facts known to the Legislature (Lincoln Bldg. Associates v. Barr, 1 N Y 2d 413, 415; East New York Sav. Bank v. Hahn, 293 N. Y. 622, 627-628, affd, 326 U. S. 230; United States v. Carolene Prods. Co., 304 U. S. 144, 152; Borden’s Co. v. Baldwm, 293 U. S. 194, 1210). While this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 540-541; Matter of Fay, 291 N. Y. 198, 206, 207; Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 79). Particularly apropos is the rule that *219 the law may not be arbitrary and it must be reasonably related to some manifest evil (Defiance Milk Prods. Co. v. Du Mond, supra; Fisher Co. v. Woods, 187 N. Y. 90; Nebbia v. New York, 291 U. S. 502, 537), which, however, need only be reasonably apprehended (Matter of Stubbe v. Adamson, 220 N. Y. 459, 469). And we must be guided by the familiar principle that “it is only as a last resort ’ ’ that courts strike down legislative enactments on the ground of unconstitutionality (Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, 555, affd. 344 U. S. 367; Defiance Milk Prods. Co. v. Du Mond, supra, p. 541). Applying these principles to this record, the ordinance must be sustained as reasonable.
The situation in the town of Somers is this. There is a parcel of real property located about 1,700 yards from the town hall. It is used by the plaintiff as lessee for the purpose of dumping and disposing of the garbage he collects in his carting business. This parcel serves as the dump not only for the garbage collected in Somers, but for all of the garbage collected from customers outside the town in outlying and surrounding communities, villages and towns. Indeed, the garbage from these outlying places represents a substantial portion of the garbage dumped and, what is more, plaintiff conducts his operation with the object of obtaining the patronage of customers outside Somers. Thus, garbage is dumped into Somers which originates in the towns of Bedford, North Salem, and Pound Ridge, the communities of South Salem, Salem Center, Purdys, Croton Falls, Goldens Bridge, Waccubuc, Truesdale Lake, and the outskirts of Mount Kiseo, all in northern Westchester County, and Brewster, the town of Southeast, and as far as Patterson in Putnam County. Moreover, non-Somers garbage is dumped upon this parcel by other carters with the permission of the plaintiff. Some other dumps in northern Westchester County outside the town of Somers have been closed in past years and the garbage was diverted to plaintiff’s dump in Somers. However, it appears that some other disposal areas are still available outside Somers, though they are farther away. The operation of this dump and. disposal .area is conducted pursuant to permits (expressly subject to local ordinances) issued by the Department of Health of Westchester County with the approval of the New York City Department of *220 Water Supply, etc., and is subject to the rules of the Sanitation Division of the Westchester Health Department. Notwithstanding this, however, numerous complaints were directed against the operation of the dump by the citizens of Somers, the district engineer of the New York City Department of Water Supply, etc., and even the director of the Sanitation Division of the Westchester Health. Department. The tenor of these complaints was that the operation of the dump resulted in offensive odors, created a breeding place for insects, vermin and rodents, and caused smog and smoke as a result of burning garbage. While these conditions appear to have been alleviated somewhat, and though the director of sanitation appears to be satisfied, it is nevertheless clear from his statement, viz., that the dump does not constitute an “unusual” health problem, that the harmful conditions have not been eliminated. Indeed, it is insisted by the town that the dump continues to be a hazard, that it affects living conditions in the town, and will tend to create resistance to the appropriate development of unimproved realty.
In this factual setting, supported as it is by the presumption of constitutionality, it is impossible to brand this ordinance as arbitrary and capricious. Plaintiff’s attempt to demonstrate arbitrariness by stressing the nonexistence of any valid qualitative difference between Somers and non-Somers garbage is totally unconvincing. This is not a discriminatory statute based on quality. It is simply a measure to reduce, in a manner consistent with the interests of the citizens of Somers, the quantity of garbage dumped into the town. The contention that the ordinance does not have quantitative effect flies in the face of the fact that a substantial portion of the garbage dumped is brought in from numerous other communities by both the plaintiff and others. The elimination of that factor is, ipso facto, a reduction of quantity. And this is true notwithstanding the fact that under the ordinance any quantity of Somers garbage may be dumped. Whatever amount there is or might be of Somers garbage, the process of reasoning is simple which leads to the conclusion that it is or would be substantially less than if there were added to it the garbage collected from the numerous other communities.
*221 Garbage is a deleterious substance (City of Rochester v. Gutberlett, 211 N. Y. 309, 318), and garbage dumps emit obnoxious fumes (6 McQuillin on Municipal Corporations, § 24.58, p. 571). As we all know, and as this record most emphatically establishes, garbage dumps and disposal areas attract rodents and vermin and become breeding places for them. The process of burning garbage causes smoke and oxidized garbage to be given off into the air which the community must breathe. Any wet garbage will drain off into the soil. These conditions will undoubtedly affect adversely the development of the unimproved real estate in direct proportion to the scope of the dumping and disposal operation. And the fact that such an operation is subject to sanitation regulations does not alter the inescapable fact that garbage dumps, no matter how carefully controlled, present some hazard to a community. All of the harmful conditions described above will nevertheless prevail, though to a more limited extent. And thus the town is entitled, in the exercise of its police power, to minimize this potential by limiting quantity.
Nor was the town required to limit quantity by a set poundage or tonnage figure. Such a provision may well work to the detriment of the citizens of Somers when one considers that such a quota system might be exhausted by the dumping of nonSomers garbage. But what is more to the point, whether there could be another method devised to effect quantity control is not the concern of this court (see Matter of Hotel Assn. of New York City v. Weaver, 3 N Y 2d 206, 213). Our function is merely to determine whether the ordinance adopted is arbitrary. Not only is this ordinance not arbitrary, but we deem it to be a very reasonable approach to what is a manifest problem of increasing magnitude. Garbage dumps are obnoxious in every sense of the word and a town is entitled to restrict such operar tions. But it is met also with the fact that disposition must be made of the garbage of its residents. The ordinance in question impresses us as a precise accommodation between these conflicting interests. Where the latter interest ceases, the former prevails. Appreciating the complexities of the situation — the inherent obnoxiousness of garbage dumps, the aggravation of the condition by increased dumping, the growth of the community, the need for disposal of community garbage, *222 etc. — it is impossible to stamp this ordinance as arbitrary and capricious, The town was not required to defer enactment of the ordinance until it was faced with a serious nuisance or health problem (City of Rochester v. Gutberlett, supra, p. 316), but it was entitled to act upon apprehension of danger (Matter of Stubbe v. Adamson, supra, p. 469). The plaintiff has failed to demonstrate ‘ ‘ that, as matter of law, these regulations are unconstitutional and that there is no permissible interpretation of all of these facts which justifies their adoption as a reasonable exercise of the broad police power of the State.” (Matter of Wulfsohn v. Burden, 241 N. Y. 288, 297.)
It does not appear that plaintiff will have no other place to dump non-Somers garbage, but only that he will have to use dumps farther away. Indeed, there appears to be nothing which would prevent plaintiff from leasing additional land closer to the other communities, just as he leased the land in Somers. It is to be remembered that his permit to operate the dump is expressly made subject to local ordinances. The delicate accommodation made in this case between the public interest and the individual right was properly made.
There is no merit to the point that the town is powerless to thus regulate garbage dumping within its confines. Section 130 of the Town Law, pursuant to which this ordinance was enacted after public hearing, expressly empowers towns to prohibit and/or regulate the use of lands within the town as a dump. Nor is there any conflict between this ordinance and the Sanitary Code of Westchester County, section 8 (subd. b), of which authorizes the enactment of local ordinances.
Section 4 of this ordinance provides that the invalidity of any portion of the ordinance shall not affect or invalidate the remainder. The prohibition against transportation is clearly severable and independent from the prohibition against dumping. The dominant and underlying purpose of the ordinance in question is effectuated by the prohibition against dumping as enacted. We, therefore, sustain it. (See People v. Mancuso, 255 N. Y. 463, 473; People ex rel. Alpha Portland Cement Co. v. Knapp, 230 N. Y. 48, 60.)
• The judgment of the Appellate Division should be modified, without costs, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.