Hon. Howard F. Miller Acting Director of the Budget
I am in receipt of your letter, in which you request my opinion as to whether section 4118 of the Education Law, as amended by Chapter 257 of the Laws of 1978, is constitutional. That section of law relates to attendance at post-secondary institutions by Native American students.
My research does not disclose any litigation concerning Education Law, § 4118.
In determining the validity of legislation, there is an exceedingly strong presumption that legislative enactments are valid and constitutional. New York v O'Neill, 359 U.S. 1 (1958); Nettleton vDiamond, 27 N.Y.2d 182 (1970); I.L.F.Y. Co. v City Rent Administrator,11 N.Y.2d 480 (1962); Wiggins v Town of Somers, 4 N.Y.2d 215 (1958). In the absence of any judicial holding, the presumption applies.
The Attorney General is charged with the duty to appear in cases involving the constitutionality of any act of the Legislature, in support of such constitutionality, by section 71 of the Executive Law, which provides:
 "Whenever the constitutionality of a statute is brought into question upon the trial or hearing of any action or proceeding, civil or criminal, in any court of record of original or appellate jurisdiction, the court or justice before whom such action or proceeding is pending, may make an order, directing the party desiring to raise such question, to serve notice thereof on the attorney-general and that the attorney-general be permitted to appear at any such trial or hearing in support of the constitutionality of such statute. The court or justice before whom any such action or proceeding is pending may also make such order upon the application of any party thereto, and the court shall make such order in any such action or proceeding upon motion of the attorney-general. When such order has been made in any manner herein mentioned it shall be the duty of the attorney-general to appear in such action or proceeding in support of the constitutionality of such statute."
In construing Executive Law, § 71, the Appellate Division, Second Department, recently stated that:
 "Although the statute speaks in nonmandatory terms with respect to the duty of the court to make such an order, it is clear that the court in which an issue of the constitutionality of a statute is raised has no power to dispense with notification to the Attorney-General, since the purpose of the statute is to have all of the people of the State represented when the constitutionality of their laws is put in issue." (Matter of Carter v Carter, 58 A.D.2d 438, 442, n 1 [1977].)
In view of section 71 of the Executive Law, and in view of the possibility that I (or my successor) may have to appear in an action in which the constitutionality of section 4118 of the Executive Law is tested, it would in any event be inappropriate for me to take a position inconsistent with my duty as Attorney General.
There is a legal presumption that section 4118 of the Education Law is constitutional. Until and unless Education Law, § 4118, is declared by a court to be unconstitutional, it is my opinion that such statute is valid and constitutional.