OPINION OF THE COURT
Per Curiam.
On this appeal, plaintiff challenges the constitutionality of Judiciary Law § 148-a (8), which authorizes any party to a *590 medical malpractice action to admit in evidence the unanimous recommendation of a medical malpractice mediation panel as to the question of liability. It is contended that Judiciary Law § 148-a (8) deprives plaintiff of the right to a jury trial on the issue of liability (NY Const, art I, § 2), as well as the right to due process of law (NY Const, art I, § 6; US Const 14th Amend).
Plaintiff’s right to a meaningful jury trial, guaranteed by our State Constitution (art I, § 2) has not been infringed by operation of Judiciary Law § 148-a (8). The role of the medical malpractice mediation panel is to assist — not supplant — the trier of fact in reaching a verdict. (Bernstein v Bodean, 53 NY2d 520, 527.) Under the express terms of the statute, the panel’s recommendation is not binding upon the trier of fact, and is to be accorded only such weight as the trier of fact chooses to ascribe to it (Judiciary Law § 148-a [8]) where such an instruction is requested. (PJI 2:151A, 2:151A.l [1984 Supp].) Admission of the panel’s recommendation interposes no obstacle to a full contestation of the issues, including liability, and the jury (or court when serving as trier of fact) remains the final arbiter of questions of fact raised at trial. (See, Meeker & Co. v Lehigh Val. R. R., 236 US 412, 430; Woods v Holy Cross Hosp., 591 F2d 1164, 1180 [5th Cir 1979] [construing Fla law]; Comiskey v Arlen, 55 AD2d 304, 308-310, affd 43 NY2d 696; Note, Medical Malpractice Mediation Panels: A Constitutional Analysis, 46 Fordham L Rev 322, 331-334.) The unanimous, nonbinding recommendation of the medical malpractice mediation panel serves merely as a guide to the jury, and its admission as evidence does not impermissibly burden or nullify plaintiff’s constitutional right to a meaningful jury trial.
It is further contended that Judiciary Law § 148-a (8) interferes with plaintiff’s substantive right to damages for medical malpractice injuries by permitting the introduction as evidence of a recommendation reached by means of a hearing less formal than a judicial proceeding. (NY Const, art I, § 6; US Const 14th Amend.) This claim should be rejected. If the challenged provision is reasonable in relation to its subject and adopted in the interests of the community, it does not violate substantive due process. (West Coast Hotel Co. v Parrish, 300 US 379, 391.) Only when a law effectuates an arbitrary deprivation of liberty will it violate the substantive due process guarantee. (Nowak, Rotunda and Young, Constitutional Law, at 410.) Judiciary Law § 148-a represents a legislative response to a perceived problem of increasing malpractice rates (Bernstein v Bodean, 53 NY2d 520, 526, supra) and serves to better equip the parties to mediate a *591 settlement, if warranted, and preserve quality health care for residents of New York. Since the challenged statute manifestly has some fair, just and reasonable connection with the promotion of the health, comfort, safety and welfare of society, Judiciary Law § 148-a (8) does not violate plaintiff’s right to due process of law. (Nettleton Co. v Diamond, 27 NY2d 182, 193, appeal dismissed sub nom. Reptile Prods. Assn. v Diamond, 401 US 969; People v Pagnotta, 25 NY2d 333,337.) For the correction of alleged deficiencies in the statutory scheme, plaintiff’s “appeal lies to the ballot and to the legislative processes of democratic government, not to the courts”. (Maresca v Cuomo, 64 NY2d 242, 249.)
We have considered plaintiff’s other contentions and find them to be either without merit or unpreserved.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in Per Curiam opinion; Judge Titone taking no part.
On review of the submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs.