Alexander, J.
(dissenting). Because I believe that in requiring only out-of-State firefighters to move into a lawful county the State is unconstitutionally conferring a benefit on its established residents, I respectfully dissent.
New York requires public officers of local governments to be residents of both the State and the locality in which they are employed. (Public Officers Law § 3 [1]; § 30 [1] [d].) New York City firefighters, however, were permitted to live in one of six counties contiguous to New York City or in one of the counties within the City itself (together the lawful counties). (Public Officers Law § 3 [9]; § 30 [5].) When, in 1986, after many years of nonenforcement, the New York City Fire Department issued administrative orders enforcing these residency requirements, the Legislature amended Public Officers Law §§ 3 and 30 by adding § 3 (19) and § 30 (5-a) (the amendments). While requiring out-of-State firefighters to move into a lawful county, the amendments exempt the State resident firefighters from this local residency requirement. Specifically, the amendments provide that State resident firefighters currently in violation of the local residency requirement need not comply with that requirement until such time as they may choose to move from their present residences. Out-of-State firefighters, however, are not so exempted; instead they are required to move into a lawful county within one year of the effective date of the amendments. Although the amendments treat all firefighters equally in that their initial move must be to a *408 lawful county, plainly it is only the out-of-State firefighters who must comply with the local residency requirement.
These amendments confer a benefit on State resident firefighters not conferred on out-of-State firefighters and can survive the instant equal protection challenge only if the resident/nonresident classification is rationally related to a legitimate State interest. (McDonald v Board of Election, 394 US 802, 809; Maresca v Cuomo, 64 NY2d 242, 250.) Notwithstanding the position advanced by the majority, I am unable to agree that these amendments rationally serve a legitimate State interest. It is true that a State has a legitimate interest in requiring its public officers to be State residents; State residency requirements benefit the State financially and, in the case of firefighters, encourage public employees skilled in emergency rescue services to spend more time within the State. This State interest, however, is advanced by requiring firefighters to live in the State; it is not rationally served by requiring that the firefighters live in any particular counties within the State. Similarly, while the lawful counties have a legitimate interest in requiring that New York City firefighters reside there, that interest is not rationally served by imposing the local residency requirement on only some New York City firefighters. Thus, the challenged amendments would be constitutional if they required the out-of-State firefighters to move into the State or if they required all New York City firefighters to move into a lawful county (McCarthy v Philadelphia Civ. Serv. Commn., 424 US 645, 646). Neither the State nor the local interest, however, is rationally served by requiring only the out-of-State firefighters to move into the lawful counties.
The majority concludes that since the State has chosen to impose both State and local residency requirements, it may "subordinate!] its local interest” and require only the out-of-State firefighters, who violated both residency requirements, to move into a lawful county. The justification for this differential treatment is the fact that the out-of-State firefighters are already required to move to satisfy the State residency requirement. This fact, however, is irrelevant to the the choice of the particular county into which they must move — a choice that is of obvious significance to all the firefighters who violated the local residency requirement for, among other reasons, the opportunity to obtain more affordable housing.
The majority’s reasoning, then, begs the question posed in *409 this equal protection challenge — namely, whether the amendments, which benefit the State resident firefighters by exempting them from the local residency requirement while imposing that requirement on the out-of-State firefighters, are rationally related to a legitimate State interest. A State’s interest in conferring a benefit on established State residents is not a legitimate State interest for purposes of the equal protection analysis in this case. The Supreme Court has held that a State cannot constitutionally confer a benefit upon some State residents and not others solely on the basis of established State residency at a past point in time (Zobel v Williams, 457 US 55, 63-64; id., at 68 [Brennan, J., concurring]; see also, Shapiro v Thompson, 394 US 618, 632-633). Although Zobel and Shapiro involved distinctions between old and new State residents, rather than a distinction between residents and nonresidents, the reasoning of those cases is equally applicable here: "[Discrimination on the basis of residence must be supported by a valid state interest independent of the discrimination itself.” (Zobel v Williams, 457 US, at 70, supra [Brennan, J., concurring].) Therefore, New York State may not constitutionally benefit only its State resident firefighters solely because they were State residents on the date that the amendments became effective.
Accordingly, I would reverse the Appellate Division, declare that Public Officers Law § 3 (19) and § 30 (5-a) violate the Equal Protection Clauses of the Federal and State Constitutions, and enjoin the defendants from dismissing plaintiffs on the basis of their noncompliance with those provisions.
Chief Judge Wachtler and Judges Simons, Kaye, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Alexander dissents and votes to reverse in a separate opinion.
Order affirmed, with costs.