OPINION OF THE COURT
Harold L. Wood, J.
This is an action for declaratory judgment wherein the plaintiffs, landowners-developers of real property in the Town of Lewisboro, have challenged the constitutionality of section 277 (1) of the Town Law and section 44.15 of the Town of Lewisboro Land Development Regulations. The statute and regulation authorize the Planning Board of the town to require payment of money in lieu of reservation of park land as *852 a condition of approving a subdivision plat, the amount of which is determined by the Town Board of Trustees. On June 10, 1986 the Lewisboro Town Board fixed that amount at $5,000 per lot, an increase of $3,500 from the former level of $1,500.
The plaintiffs have moved for summary judgment requesting that the court declare the statute and regulation unconstitutional. The defendant has cross-moved for summary judgment requesting that the court refrain from exercising its jurisdiction at present, or, alternatively, declare that the statute and regulation are constitutional.
Plaintiffs Weingarten and Neuberger (hereinafter referred to as Weingarten-Neuberger) have applied for a sketch review 0 of possibly 18 lots in a R-4A zone which application is pending before the Planning Board. Plaintiff Oakridge Land & Property Corp. and Northridge Realty & Land Corp. (hereinafter referred to as Oakridge-Northridge) have applied for a sketch review of possibly 14 lots in a R-1A zone, which application is pending before the Planning Board. Plaintiff Bayswater Realty & Capital Corp. (hereinafter referred to as Bayswater) has received approval for a section 281 cluster subdivision of 115 lots in R-1A and R-4A zones. No determination has been made by the Planning Board as to whether to seek payment in lieu of park land or not from plaintiffs Weingarten-Neuberger or Oakridge-Northridge whenever they might seek conventional subdivision approval. As to Bayswater, no such payment pursuant to section 277 of the Town Law will be sought since the developer has opted for a section 281 cluster development, and by decisions of this court in Bayswater Realty & Capital Corp. v Planning Bd. (Sup Ct, Westchester County, Nov. 25, 1987, Jan. 28, 1988, Rosato, J., index No. 15486-87) no such fee can be imposed pursuant to section 281 of the Town Law.[1]
Initially defendant contends that plaintiffs’ action is premature in that the Planning Board has yet to act upon the "tentative” plans submitted by plaintiffs Weingarten-Neuberger and Oakridge-Northridge. While defendant concedes that the Planning Board has the final say on whether to impose the fee, defendant argues that it is plaintiffs who actually control the progression of their applications during the planning process and of what plans to ultimately submit. Additionally, defendant argues that plaintiffs may withdraw their *853 plans, change their plans, or abandon the process; also, the Planning Board may or may not impose the fee. Thus, defendant reasons a decision on the constitutionality of the Town Law and the Lewisboro regulation at this time is premature and would be tantamount to an advisory opinion.
The fact that this court may be required to determine the rights of the parties upon the happening of a future event does not mean that the declaratory judgment will be merely advisory. " 'In the typical case where the future event is an act contemplated by one of the parties, it is assumed that the parties will act in accordance with the law and thus the court’s determination will have the immediate and practical effect of influencing their conduct’ ” (Stemmer v Board of Assessors, 97 AD2d 979 [4th Dept 1983], quoting New York Pub. Interest Research Group v Carey, 42 NY2d 527, 530-531). Here plaintiffs are the owners of undeveloped subdividable parcels in some phase of the administrative process which leads to subdivision approval. Defendant readily admits that the Planning Board has never required reservation of any park land as a condition of development approval and that it has been the prevailing practice to require all developers to make payment in lieu of park land reservation. Thus, it is a virtual certainty that plaintiffs will be assessed with the $5,000 per lot fee as a condition of subdivision approval[2] and accordingly, since this matter is imminent and not beyond the control of the parties it is ripe for adjudication (Remsen Apts. v Nayman, 89 AD2d 1014 [2d Dept 1982], affd 58 NY2d 1083 [1983]).
Defendant next raises the issue of plaintiff Bayswater’s lack of standing in light of Justice Rosato’s decisions of November 25, 1987 and January 28, 1988 which held inter alia that the town lacked power to impose a recreation fee on the "cluster” development subdivision plan under Town Law § 281. While this matter is presently on appeal, it is clear that within the framework of this action Bayswater cannot be injured monetarily since the town is precluded from imposing a fee in lieu of reservation of park land upon Bayswater’s section 281 cluster development even if this court determines that the defendant has the power to impose such a fee on a conventional (Town Law § 277) subdivision. Accordingly, this matter is not ripe as to Bayswater and the complaint insofar *854 as it seeks declaratory relief on behalf of Bayswater is dismissed.
The remaining plaintiffs challenge the constitutionality of section 277 of the Town Law and section 44.15 of the Lewisboro Land Development Regulations, upon the grounds they violate the "Takings” Clauses of the Federal and State Constitutions. In addition, plaintiffs argue the imposition of a $5,000 fee in lieu of reservation renders, these provisions unconstitutional as applied within the town.
Two amendments to the United States Constitution safeguard property rights from governmental interference. Those amendments are the Due Process Clauses of the Fifth and Fourteenth, and the "Taking” or Just Compensation Clause of the Fifth. The Federal constitutional requirement of due process of law has been made applicable to the States through the Fourteenth Amendment. Further, the United States Supreme Court in Chicago Burlington etc. R. R. v Chicago (166 US 226 [1897]) made the "Taking” or "Just Compensation” Clause of the Fifth Amendment applicable to the States.
New York’s Constitution declares no person shall be deprived of his property without due process of law (see, NY Const, art I, § 6), and that private property may not be taken without just compensation (NY Const, art I, § 7 [a]).
In relevant part section 277 (1) of the Town Law states the following: "Before the approval by the planning board of a plat showing lots, blocks or sites, with or without streets or highways, or the approval of a plat already filed in the office of the clerk of the county wherein such plat is situated if such plat is entirely or partially undeveloped, such plat shall also show in proper cases and when required by the planning board, a park or parks suitably located for playground or other recreational purposes. If the planning board determines that a suitable park or parks of adequate size can not be properly located in any such plat or is otherwise not practical, the board may require as a condition to approval of any such plat a payment to the town of a sum to be determined by the town board, which sum shall constitute a trust fund to be used by the town exclusively for neighborhood park, playground or recreation purposes including the acquisition of property.”
Similarly, section 44.15 of the town’s Land Development Regulations states:
"Where the planning board deems that such a reservation of land within a subdivision would be inappropriate because of *855 the character, location or size of the land which could be reserved, the planning board may waive such a requirement, subject to appropriate conditions. Such appropriate conditions may include the requirement that the applicant pay a fee to the Town of Lewisboro, which monies shall be deposited in a trust fund to be used for the purchase and development of permanent park and playground sites within the Town.
"In those cases, where a fee is required, the amount of this fee shall be determined by the Town Board.”
Plaintiffs contend the standard in "Takings” Clause jurisprudence has been redefined by the recent United States Supreme Court decision Nollan v California Coastal Commn. (483 US 825 [1987]).
In Nollan (supra), the Supreme Court invalidated a condition imposed by a California State agency on the grant of a building permit as an unconstitutional taking, because, inter alia, the condition was not designed to further a legitimate State interest. The court made clear that in the case of zoning and land-use regulation, conditions imposed on development must "substantially advance legitimate state interests”, and not deny "an owner [an] economically viable use of his [or her property]” (Agins v Tiburon, 447 US 255, 260 [1980]). In other words, there must be a relationship between the purpose of the legislation and the methods employed. Therefore, once a genuinely valid purpose is established, a law can restrict the use of property, "unless the denial would interfere so drastically with the * * * use of * * * property as to constitute a taking” (Nollan v California Coastal Commn., 483 US 825, 836, supra; see also, Seawall Assocs. v City of New York, 142 AD2d 72 [1st Dept 1988]).
Justice Scalia, writing for the Nollan majority indicated that the condition sought to be imposed cannot simply advance any legitimate interest, but must further the same purpose that would be furthered by a total ban on the development. In invalidating an easement imposed on a parcel as a condition for issuing a building permit he stated the following: "here, the lack of [a] nexus between the condition and the original purpose of the building restriction converts that purpose to something other than what it was. The purpose then becomes, quite simply, the obtaining of an easement to serve some valid governmental purpose, but without payment of compensation. Whatever may be the outer limits of legitimate state interests’ in the takings and land-use context, this *856 is not one of them. In short, unless the permit condition serves the same governmental purpose as the development ban, the building restriction is not a valid regulation of land use but 'an out-and-out plan of extortion.’ ” (Supra, at 837; emphasis added.)
In the instant case, plaintiffs contend both Town Law § 277 and section 44.15 of the Lewisboro Land Development Regulations and the imposition of a $5,000 fee under their authority fail to meet the minimum constitutional requirements mandated by Nollan (supra). Specifically, plaintiffs argue the provisions lack standards which would require a town’s recreation fee to bear any kind of direct relationship to the impact the new subdivision will have on the community and do not require that funds be expended for park or recreational facilities in proximity to the contributing subdivision.
Defendant contends that Nollan (supra) does not change the rule of this State with respect to a takings analysis as enunciated by the Court of Appeals in Jenad, Inc. v Village of Scarsdale (18 NY2d 78 [1966]).
In Jenad (supra), the Court of Appeals in upholding the constitutionality of section 179-/ of the former Village Law and section 2, article 12 of the Rules and Regulations of the Scarsdale Planning Commission (paralleling in substance section 277 of Town Law and section 44.15 of the Town of Lewisboro Land Development Regulations) found that the Village of Scarsdale could validly authorize its Planning Board to require as a condition of subdivision plat approval, that the subdivision allot some land within the subdivision for park purposes or, at the Board’s option, to pay the village a fee[3] in lieu of such allotment.
Distinguishing the fee from a tax, the court found it to be a reasonable form of village planning for the general community good and that a reasonable relationship existed between the legislation and the goal to be achieved, stating as follows:
"Scarsdale and other communities, observing that their vacant lands were being cut up into subdivision lots, and being alert to their responsibilities, saw to it, before it was too late, that the subdivisions make allowance for open park space therein. * * *
*857 "In such cases [where subdivisions were too small to permit substantial park lands to be set oil] it was just as reasonable to assess the subdividers an amount per lot to go into a fund for more park lands for the village or town.” (Supra, at 84.)
While Jenad (supra) is factually similar to the case at bar, it is clear that the deferential — reasonable relationship — approach of Jenad must give way to the more exacting standard set forth in Nollan (supra) for constitutional review.
Every law is presumed constitutional, and, only when unconstitutionality is shown to exist beyond a reasonable doubt, is the presumption overcome (Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 541 [1956]; Montgomery v Daniels, 38 NY2d 41, 54 [1975]). This presumption of constitutionality is not limited to State statutes, since it "applies * * * to ordinances of municipalities as well” (Lighthouse Shores v Town of lslip, 41 NY2d 7, 11 [1976]).
Plaintiffs concede, inasmuch as it cannot be seriously contested, that the preservation, maintenance and development of park and recreational facilities is a legitimate State interest. It is also undisputed that plaintiffs’ developments will contribute to the need for expanding the existing recreational facilities within the town. Under Nollan (supra), once a legitimate State interest has been identified the court must consider whether the legislation employed substantially advances that interest. Here, there exists such a nexus for the legislation provides for the reservation of park land or, where the Planning Board deems such a reservation inappropriate, for the payment of a fee which shall be used for the purchase and development of permanent park and playground sites within the town. Thus, the legislation is designed to alleviate the particular effects that developments (such as plaintiffs intend to construct) will create. Moreover, the benefits derived from this exaction need not solely accrue to plaintiffs’ subdivisions as plaintiffs’ individual needs cannot be isolated from community-wide needs. This is especially so where as here the town has determined, for economic reasons, to develop large regional parks instead of small satellite parks.
Having established a genuinely valid purpose, such legislation can constitutionally restrict the use of property "unless the denial would interfere so drastically with the * * * use of [a] property as to constitute a taking” (Nollan v California Coastal Commn., 483 US 825, 836, supra). Yet, plaintiffs do not allege they are denied an economically viable use of their *858 property, rather their challenge is solely to a claimed lack of nexus which has previously been discussed. Accordingly, plaintiffs per se constitutional attack upon the instant legislation is without merit.
To the extent that plaintiffs allege an unconstitutional taking "as applied” by the town, their argument is equally without merit.
Plaintiffs contend that the imposition of the $5,000 fee per lot bears no substantial relationship to the incrimental burden the subdivisions will have on the town’s facilities. The fee, however, is inextricably related to the currently high property values existing in the Town of Lewisboro, and is substantially less than the actual value of land (which plaintiff implicitly concedes) the town could require plaintiffs to set aside upon approval of the subdivision.[4] It is the actual value of the land which the town could require reserved as a condition of subdivision approval which sets the upper limit upon the fee in lieu of reservation. So long as the fee does not exceed this level it is not arbitrary or capricious.
Plaintiffs’ next line of attack claims that the. $5,000 fee imposed on subdividing landowners violates the Equal Protection Clause because there exists no rational basis for requiring so few property owners to bear so large a proportion of the recreational expenditures in the town.
Equal protection claims (US Const, 14th Amend, § 1; NY Const, art I, § 11) are judged by the "rational basis” or "strict scrutiny” test (Alevy v Downstate Med. Center, 39 NY2d 326, 335 [1976]). Where, as here, there is no suspect classification (race, alienage or nationality) or fundamental right at issue the rational basis test is applied. (Supra, at 332; Maresca v Cuomo, 64 NY2d 242, 250-251 [1984], appeal dismissed 474 US 802 [1985].) Under that test the statute or regulation is presumed valid and must be upheld if the challenged classification is rationally related to achievement of a legitimate State purpose (Trump v Chu, 65 NY2d 20 [1985], appeal dismissed 474 US 915 [1985]).
The rule was recently summarized in Town of Brookhaven v State of New York (142 AD2d 338, 340 [3d Dept 1988]): "There is a strong presumption that statutes are constitutional, such that 'unconstitutionality must be demonstrated beyond a rea *859 sonable doubt’ (Maresca v Cuomo, 64 NY2d 242, 250, appeal dismissed 474 US 802, quoting Wiggins v Town of Somers, 4 NY2d 215, 218). Since neither a suspect classification nor a fundamental right is called into issue by plaintiffs’ equal protection claim, the subject provisions of the chapter laws will pass constitutional muster if they can be said to rationally further a legitimate State purpose (see, Vance v Bradley, 440 US 93, 97). Significantly, the rationale justifying that purpose may be based upon 'any reasonable known or conceivable state of facts’ (Matter of Davis, 57 NY2d 382, 389). Thus, if defendants can demonstrate a perceived legitimate State objective that will be promoted by the legislative provisions under attack, they are entitled to summary judgment (see, Maresca v Cuomo, supra, at 251).”
At bar, no equal protection violation has occurred. The imposition of the fee in lieu of reservation on new developments bears a rational relationship to the legitimate purposes of the challenged legislation, which is to provide recreational facilities to new residents.
Finally, plaintiffs contend that the imposition of the $5,000 fee constitutes an illegal tax. That argument, however, has been foreclosed by Jenad (supra) which held that such a fee is "not a tax at all but a reasonable form of village planning for the general community good” (Jenad, Inc. v Village of Scarsdale, supra, at 84; see also, Albany Area Bldrs. Assn. v Town of Guilderland, 141 AD2d 293, 298-299 [3d Dept 1988]).
Accordingly, defendant’s cross motion for summary judgment is granted to the extent that this court declares that section 277 (1) of the Town Law and section 45.11 of the Town of Lewisboro Land Development Regulations and the $5,000 fee imposed thereunder are constitutional.

. This matter is currently on appeal. (149 AD2d 49.)

. Defendant Bayswater has already been assessed $570,000 as the fee in lieu of reservation.

. The fees collected by the village in Jenad, Inc. v Village of Scarsdale (18 NY2d 78) were credited to a separate fund to be used for park, playground and recreational purposes in such manner as may be determined by the Village Board of Trustees from time to time.

. Plaintiffs do not challenge Lewisboro Land Development Regulations § 44.11 which provides for the percentages of land defendant could have required to be reserved for parkland or recreational purposes.