**New York State Society of Enrolled Agents et al., Appellants, v New York State Division of Tax Appeals, Respondent.**

Second Department, August 13, 1990

## APPEARANCES OF COUNSEL

*Wood & Scher (William L. Wood, Jr.),* for appellants.

*Robert Abrams, Attorney-General (Frederic L. Lieberman, Laura M. Nath* and *Rosalie J. Hronsky* of counsel), for respondent.

## OPINION OF THE COURT

THOMPSON, J. P.

■ ■ The plaintiffs, a voluntary association of enrolled agents authorized to represent clients in tax disputes before the United States Internal Revenue Service, three of the enrolled agents themselves, and one of their tax clients, commenced the instant action for a judgment declaring Tax Law § 2014 (added by L 1986, ch 282) unconstitutional and enjoining its enforcement by the defendant New York State Division of Tax Appeals. The statute limits the right to represent clients in disputes adjudicated before the Tax Appeals Tribunal of the newly created New York State Division of Tax Appeals to attorneys, certified public accountants or licensed public accountants. Enactment of Tax Law § 2014 eliminated the right of enrolled agents to represent clients on State tax appeals. The plaintiffs mount a three-pronged attack on Tax Law § 2014 contending that: (1) it is an improper exercise of the State's police power, (2) it impairs the taxpayers' freedom to contract for the services of enrolled agents in State tax appeals in violation of the Contract Clause of the United States Constitution *(see,* US Const, art I, § 10), and (3) it violates the Equal Protection Clauses of the US and NY Constitutions *(see,* US Const, 14th Amend, § 1; NY Const, art I, § 11) by unjustly discriminating against enrolled agents. The Supreme Court granted the defendant's cross motion for sum-

mary judgment, finding that the plaintiffs had failed to meet their heavy burden of proving that the challenged statute was unconstitutional either as an invalid exercise of the State's police power or as violative of equal protection. We agree.

## I.

In 1986, State Tax Law article 40 was enacted: "[t]o establish an independent division of tax appeals within the department of taxation and finance which shall be responsible for providing the public with a just system of resolving controversies with such department of taxation and finance and to ensure that the elements of due process are present with regard to such resolution of controversies" (Tax Law § 2000). The objective of the legislation, as evidenced by the Governor's supporting memoranda, was to remove any perception of unfairness or inequity in the tax appeals hearing system as it then existed arising from the power of the former New York State Tax Commission to collect, assess and enforce the taxes it administered, as well as to adjudicate controversies arising from its administration of taxes. To further this goal, the subject legislation abolished the New York State Tax Commission and transferred its duties related to the administrative hearing process and those functions previously performed by the Tax Appeals Bureau to the newly created independent Division of Tax Appeals. The Tax Appeals Tribunal within the Division of Tax Appeals was created to administer the division and review hearing determinations of Administrative Law Judges *(see,* Tax Law §§ 2000, 2002; L 1986, ch 282, § 14). In addressing the question of representation of petitioners, the new article 40 of the Tax Law provides, *inter alia,* that: "[a]ppearances in proceedings conducted by an administrative law judge or before the tax appeals tribunal may be by the petitioner or the petitioner's spouse, by an attorney admitted to practice in the courts of record of this state, by a certified public accountant licensed in this state or by a public accountant licensed in this state" (Tax Law § 2014 [1]). If such persons are authorized to practice or licensed in any other jurisdiction of the United States, they are permitted "to appear and represent a petitioner in proceedings before the tribunal for a particular matter if so authorized by the commission" (Tax Law § 2014 [1]).

Prior to September 1, 1987, the effective date of the Tax Law article 40, enrolled agents were permitted, by regulation,

to be retained by and appear on behalf of petitioners in State tax appeals proceedings before the now defunct entity known as the Tax Appeals Bureau (see, 20 NYCRR former 601.2 [c] [5]). Enrolled agents are persons authorized by the United States Department of the Treasury to represent clients before the United States Internal Revenue Service (see, 31 CFR 10.0, 10.3 [c]). The plaintiffs Larry M. Liptscher, Jack Herskovits, and Marvin Arnold Pollack are qualified "enrolled agents" within the meaning of the Federal regulations, and are members of the plaintiff New York State Society of Enrolled Agents, a voluntary association which represents enrolled agents. As noted, the enactment of Tax Law § 2014 eliminated the right of enrolled agents to appear at State tax hearings on behalf of their clients. However, enrolled agents apparently may represent clients in State tax proceedings up until the time of hearing.

Following the enactment of Tax Law article 40, the plaintiffs commenced this action, and moved for a preliminary injunction staying enforcement of Tax Law § 2014. In their complaint served with the moving papers, they sought declaratory and injunctive relief, contending that Tax Law § 2014 is unconstitutional (1) as an alleged improper exercise of the police power, and (2) as violative of their right to equal protection of the laws, since the enactment excluded enrolled agents from representing clients on State tax appeals and thereby infringed upon their right to pursue their occupations. In a claim relevant only to the plaintiff Tom Carnase, a client of the plaintiff Liptscher, it was alleged that Tax Law § 2014 impaired Carnase's right to contract for the services of an enrolled agent on State tax appeals. The plaintiffs' motion for a preliminary injunction was denied for failure to establish the requisite elements for entitlement to a preliminary injunction, i.e., the likelihood of success on the merits and irreparable injury if the relief were not granted. Thereafter, upon the parties' respective motion and cross motion for summary judgment, the Supreme Court rejected the plaintiffs' constitutional arguments and granted the defendant summary judgment. Although the Supreme Court found that the plaintiffs failed to sustain their burden of proving Tax Law § 2014 to be unconstitutional, it made no specific declaration to that effect.

## II.

Our analysis begins with the firmly established principle that legislative enactments are cloaked with a strong pre-

sumption of constitutionality. While that presumption is rebuttable, its challengers bear a heavy burden of proving the legislation unconstitutional beyond a reasonable doubt *(see, e.g., Rochester Gas & Elec. Corp. v Public Serv. Commn.,* 71 NY2d 313, 319-320; *Matter of McGee v Korman,* 70 NY2d 225, 231). Only as a last resort will the courts strike a statute as unconstitutional *(see, Matter of Malpica-Orsini,* 36 NY2d 568, 570; *Wiggins v Town of Somers,* 4 NY2d 215, 219).

The courts have also recognized a further presumption that the Legislature has investigated and found the existence of a situation indicating the need for and the desirability of the statute *(see, e.g., Hotel Dorset Co. v Trust for Cultural Resources,* 46 NY2d 358, 370; *Health Ins. Assn. v Harnett,* 44 NY2d 302, 310). Thus, the courts are not free to invalidate a statute under review because they disagree with its ultimate wisdom *(see, Rochester Gas & Elec. Corp. v Public Serv. Commn., supra,* at 320; *Hotel Dorset Co. v Trust for Cultural Resources, supra,* at 370). Rather, judicial review of a challenged statute is limited to determining "if any state of facts known or to be assumed, justifies the disputed measure" *(Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11-12; *see, Matter of Malpica-Orsini, supra,* at 571). The courts need only determine whether the legislative enactment in question is a reasonable measure for achieving the valid goals of the State.

The purposes underlying the enactment of Laws of 1986 (ch 282), within which Tax Law § 2014 is embodied, may to some extent be discerned from the history of New York's system for administrative adjudication of tax disputes. For more than a quarter of a century, objections had been voiced to New York's tax dispute resolution process on the ground that the former Tax Appeals Bureau operated within the New York State Department of Taxation and Finance and reported to the New York State Tax Commission, which is the body charged with administering and collecting taxes. Thus, the former system of tax dispute resolution provided an overlap of regulatory and adjudicatory functions, giving rise to criticism that the system was biased and inherently unfair. Because of this perceived bias, taxpayers were more likely to favor judicial resolution of tax disputes, rather than settlement *(see generally,* Brown, *State Taxation,* 38 Syracuse L Rev 517, 520-521 [1987]).

Laws of 1986 (ch 282), through the formation of an independent tax tribunal within the structure of the New

York State Department of Taxation and Finance, reformed the purely administrative procedures for the resolution of tax disputes into a system which is quasi-judicial in nature, as evidenced by the new provisions for motion practice, submission of briefs, conduct of hearings, and provision for earlier review by an Administrative Law Judge (see, Tax Law §§ 2006, 2010; cf., Brown, *State Taxation,* 38 Syracuse L Rev 517, 519-520 [1987]). Furthermore, the new statutory scheme provides for an intraagency appeal to the Tax Appeals Tribunal from a decision by an Administrative Law Judge. The decision rendered by the Tax Appeals Tribunal is the final step in the process and is reviewable only in a proceeding pursuant to CPLR article 78 (see, Tax Law §§ 2006, 2016). In light of the dramatic overhaul of the tax dispute adjudicatory process and the nature of those changes, the Legislature presumably recognized the need in State tax disputes to limit representation of taxpayers to professionals who are licensed by the State and over whom the State could exercise regulatory power to achieve the legitimate objective of effective representation of taxpayers by competent professionals.

Nowhere in the governing Federal regulations (see, 31 CFR subtit A) is there any indication that licensing by the United States Department of the Treasury precludes the individual States from establishing different requirements for those who may be retained by taxpayers in State administrative or quasi-judicial proceedings. While the Federal regulations contain extensive rules governing the qualifications and conduct of enrolled agents and other qualified persons appearing before the Internal Revenue Service (see, 31 CFR 10.6, 10.50), they do not preclude the States from creating their own sanctions and standards of conduct, as a means of governing appearances before their tax authorities and courts on State tax matters (see, e.g., 31 CFR 10.51 [g]). Moreover, it is evident from the Federal regulations that the disqualification of an enrolled agent occurs solely through proceedings commenced by the Treasury Department and, therefore, the States are not empowered to regulate the representation of their citizens by enrolled agents in State tax proceedings. Therefore, we reject the plaintiffs' position that enrolled agents licensed by the Treasury Department to practice before the Internal Revenue Service may not be precluded from being retained to represent State taxpayers in State tax appeal proceedings (cf., Agran v Shapiro, 127 Cal App 2d Supp 807, 273 P2d 619; United States Tax Court Rule 200 [enrolled agents may not appear before

the Federal Tax Court]). Giving Tax Law § 2014 the presumption of validity to which it is entitled, we conclude that, with respect to the Legislature's exercise of its police power, there is a reasonable connection between the decision to exclude enrolled agents from being retained by taxpayers in State tax proceedings, and the promotion of the welfare of society (see, Health Ins. Assn. v Harnett, supra, at 310; Wiggins v Town of Somers, supra, at 223).

## III.

Turning then to the plaintiff's equal protection argument, we note that no claim is made nor could validly be made that the exercise of a fundamental right, or that a suspect classification is at issue. Thus, the plaintiff's claim of a denial of equal protection of the laws need not be subjected to strict judicial scrutiny, but, rather, is to be measured by the "reasonable basis" test to determine if the statute in question will pass constitutional muster (see, e.g., Hymowitz v Lilly & Co., 73 NY2d 487, 515; Maresca v Cuomo, 64 NY2d 242, 250). Pursuant to traditional rational basis analysis, a governmental classification will not offend the Equal Protection Clauses of the State and Federal Constitutions if it bears a fair and substantial relation to some conceivable and legitimate State interest (see, Maresca v Cuomo, supra; Matter of Malpica-Orsini, supra, at 571). Statutory discrimination will not be set aside if any state of facts reasonably may be conceived to support the statutory classification (see, Maresca v Cuomo, supra; Lighthouse Shores v Town of Islip, 41 NY2d 7, 13, supra; Matter of Malpica-Orsini, supra). The persons challenging the legislative enactment bear a heavy burden of demonstrating the lack of a rational basis for the classification (see, 41 Kew Gardens Rd. Assocs. v Tyburski, 70 NY2d 325, 335).

In accordance with this court's limited scope of review, we conclude that the statutory classification employed here meets the rational basis test. The State has a legitimate interest in limiting the classes of professionals who may represent clients in State tax disputes to those over whom the State may exercise regulatory and disciplinary control. Such a limitation promotes and encourages a high level of professional competence in tax proceedings and thereby protects taxpayers in the quasi-judicial setting of the Division of Tax Appeals and the Tax Appeals Tribunal. The Legislature could rationally determine that the provision under attack would serve to enhance

the over-all quality of the State tax adjudicatory process in State tax matters, while also providing a check on the conduct of the professionals representing taxpayers in such proceedings. As a matter of public concern, the State may establish distinctions to ensure that only properly qualified individuals are permitted to represent parties in proceedings involving State tax disputes.

## IV.

The plaintiffs' final argument is that Tax Law § 2014 impairs the right of taxpayers to contract for the services of enrolled agents in violation of the Contract Clause (see, US Const, art I, § 10). If the legislative enactment in issue is addressed to a legitimate end and the measures taken that impair the freedom of contract are reasonable and appropriate to effectuate that purpose, the legislation will not be stricken as unconstitutional even though it may interfere with rights established by existing contracts or restrict the conduct of certain businesses (see, Crane Neck Assn. v New York City/ Long Is. County Servs. Group, 61 NY2d 154, 167; Matter of Farrell v Drew, 19 NY2d 486, 493; Matter of Department of Bldgs. [Philco Realty Corp.], 14 NY2d 291, 297-298; cf., Rochester Gas & Elec. Corp. v Public Serv. Commn., 71 NY2d 313, 321-322, supra). The State's interest in ensuring adequate and effective retained representation of taxpayers on appeals in State tax matters is an important public purpose. The legislation enacted to serve this objective may not be stricken as unconstitutional even though the method of accomplishing the State's purpose may impair the plaintiffs' right to contract or abridge their existing contracts. Under these circumstances, the State policy may override private contract rights.

## V.

For the foregoing reasons, we conclude that the plaintiffs have failed to sustain their burden of establishing the unconstitutionality of the challenged statute beyond a reasonable doubt. We note that the Supreme Court should have made a declaration that the provision in question was constitutional rather than dismissing the complaint (see, Maresca v Cuomo, 64 NY2d 242, 249, supra; Vecchio v Griffin, 143 AD2d 1003, 1004). Accordingly, the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment declaring Tax Law § 2014 constitutional.

SULLIVAN, BALLETTA and ROSENBLATT, JJ., concur.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment declaring Tax Law § 2014 constitutional.