OPINION OF THE COURT
Eugene F. Sullivan, Jr., J.
This is a CPLR article 78 proceeding brought by the peti *194 tioner to obtain judgment annulling determinations made by the respondents that the petitioner was no longer eligible to receive Aid to Dependent Children benefits on behalf of her grandchild, Amanda Capozzi. The determinations here attacked were based upon changes in statute and regulations which combine to exclude the petitioner from eligibility for the benefits she previously received. More specifically, these enactments (Social Services Law § 131-c; 18 NYCRR 352.14 [a] [2]; 352.18) changed the guidelines for determining eligibility by requiring the petitioner’s available income to be considered together with the income of the other members of the child’s household. The petitioner alleges that Social Services Law § 131-c and the regulations thereunder are unconstitutional for the reason that they violate the Equal Protection Clauses of the Federal and State Constitutions and article XVII, § 1 of the NY Constitution which requires the Legislature to provide for the needy.
Section 131-c of the Social Services Law was enacted in 1985 (L 1985, ch 42) to conform to the Deficit Reduction Act of 1984 (42 USC § 602 [a] [39]). Under the Federal act changes were made in the Aid to Dependent Children program and the revised Federal legislation required all States participating in such program to alter eligibility requirements. Accordingly, as directed by Federal statute, Social Services Law § 131-c and the regulations thereunder requires consideration of the petitioner’s income when determining the need for eligibility of the petitioner’s grandchild. Under the current statute and regulation, petitioner’s income must be considered because her daughter, the child’s mother, is a minor and resides with the child in the same household as the petitioner.
The petitioner argues that the present State statute and regulation create a class of grandparents who, unlike other grandparents, are now responsible for the support of their infant grandchildren. This class, the petitioner urges, is impermissibly limited to persons in the petitioner’s situation who reside with their minor child, the parent of the claimed dependent child.
I cannot agree. In equal protection challenges to social services classifications inquiry must be directed to the issue of whether there is a rational basis for the classification (Matter of Davis, 57 NY2d 382). As noted in Davis (supra, at 388): "the disparate [treatment] to which petitioners point need not be found offensive to the Constitutions. For, '[i]n the area of economics and social welfare, a State does not violate the *195 Equal Protection Clause merely because the classifications made by its law are imperfect. If the classification has some "reasonable basis”, it does not offend the Constitution simply because the classification "is not made with mathematical nicety or because in practice it results in some inequality.” ’ (Dandridge v Williams, 397 US 471, 485, quoting Lindsley v Natural Carbonic Gas Co., 220 US 61, 78; Board of Educ. v Nyquist, 57 NY2d 27; Alevy v Downstate Med. Center of State of N. Y., 39 NY2d 326, 332.)”
Similarly, in Matter of Bernstein v Toia (43 NY2d 437), the Court of Appeals again rejected a challenge based on equal protection claims and held: "[m]otivated to make optimum responsible use of the not unlimited funds appropriated and likely to be appropriated for social services, the Legislature elected to change from a system of individualized grants to one of uniform grants. We cannot say that, under the constraints of fiscal trimming and in the light of administrative experience, the Legislature’s recourse to the flat grant concept was without a reasonable basis or lacked a rational relationship to the legitimate State interest of seeking to assure optimum realized benefits from available public assistance moneys.” (Supra, at 446.)
The rational basis for the classification which required the termination of the benefits previously enjoyed by the petitioner is obvious. The classification has resulted from Federal and State efforts to responsibly allocate social welfare funds. Implicit in the Deficit Reduction Act of 1984 is the Federal legislative finding that a grandparent’s income is legitimately considered in situations as here presented in. determining eligibility with respect to aid to a dependent child. New York has implicitly adopted these findings by the enactment of the statute and promulgation of the regulation here attacked. This was clearly a rational State action. If New York rejected the Federal findings and refused to conform, the result would have been Federal financial sanctions against the State and a lack of Federal reimbursement. Dependent children receiving aid under the cooperatively funded Federal and State program here in issue would have become dependent upon State-funded programs only. The courts have previously upheld State legislative changes adopted in response to like Federal requirements and in so doing have rejected challenges similar to those here made by the petitioner (see, Matter of Jones v Blum, 101 AD2d 330, affd 64 NY2d 918; Knapton v Kitchin, 113 AD2d 540, appeal dismissed 67 NY2d 917).
*196 The petitioner further argues that the subject legislation and regulation violates NY Constitution, article XVII, § 1 which requires the State to provide for the needy. This constitutional provision, however, mandates only that the State provide for "[t]he aid, care and support of the needy * * * in such manner and by such means, as the Legislature may from time to time determine.” Here, the Legislature has made its determinations with regard to need, and the determination may not be judicially disturbed or questioned. As noted in Tucker v Toia (43 NY2d 1, 8), NY Constitution, article XVII, § 1 "provides the Legislature with discretion in determining the means by which this objective is to be effectuated, in determining the amount of aid, and in classifying recipients and defining the term 'needy’ ” (see also, Matter of Barie v Lavine, 40 NY2d 565; Matter of Jones v Blum, supra).
For the reasons stated, I conclude that the statute and regulations here attacked are constitutional. Accordingly, the petition is dismissed.
Submit judgment, without costs.