OPINION OF THE COURT
Per Curiam.
This action, instituted by various State Judges, seeks a declaration that article VI, § 25 (b) of the State Constitution and section 23 of the Judiciary Law, which require retirement of Judges and Justices of the Unified Court System at age 70, are unconstitutional as applied to them. We rejected similar claims in 1984 declaring the challenged provisions constitutional in Maresca v Cuomo (64 NY2d 242, appeal dismissed 474 US 802). Since then, however, Congress has amended the Age Discrimination in Employment Act (29 USC § 623) to prohibit discrimination in employment based on age, against persons age 70 and above. In interpreting that statute, as it applies to State judicial officers, the Administrative Board determined that the statutory protection required that appointed Judges be allowed to continue to the end of their appointive terms, notwithstanding their age, but that elected Judges must retire at age 70 because the Federal statute, by its terms, did not apply to elected State officers (29 USC § 630 mi
It is plaintiffs’ contention that in view of the Federal statute and the Administrative Board’s interpretation of it, the preexisting provisions of the Constitution and the Judiciary Law deny them their constitutional right to due process and equal protection of the laws. They concede that the Federal statute must be applied to State employees under the Supremacy Clause of the United States Constitution (US Const, art VI, cl 2) and they make no attempt to challenge its constitutionality. They contend, however, that their constitutional rights have been abridged because of the operation of the Federal statute, *342 as interpreted by the Administrative Board, on the State constitutional and statutory provisions.
We answered plaintiffs’ due process concerns in Maresca v Cuomo (supra) and see no occasion to reconsider those matters here.
With respect to their equal protection claim, we hold first that age is not a suspect class and therefore the appropriate standard of review is whether the classifications created are rationally related to some State interest. Applying that standard, we agree with the majority at the Appellate Division that the Administrative Board did not err in applying the Federal statute as written, nor does any denial of plaintiffs’ rights to equal protection of the laws result from the joint operation of the State and Federal statutes and the State constitutional provision.
In Maresca we noted various grounds for mandating retirement of Judges at the age of 70 which established the rationality of New York’s system for choosing and retiring Judges. Those reasons remain valid notwithstanding the effect of the Federal statute. That the State policy requiring retirement of Judges is partially frustrated because the Federal statute preempts it with respect to appointed Judges does not render the policy irrational and the State is free to pursue that policy to the extent doing so is consistent with Federal law. While certain anomalies appear as the result of the unrelated provisions of the Federal statute and the State provisions, such anomalies in judicial classifications are not unusual given the diversity of the State and its population, and have been upheld (see, e.g., Cass v State of New York, 58 NY2d 460). As we noted in Maresca, "for the repeal of such provisions, appeal lies to the ballot and to the legislative processes of democratic government, not to the courts” (id., at 249, citing Noble State Bank v Haskell, 219 US 575, 580 [Holmes, J.]; United States v Butler, 297 US 1, 79 [Stone, J., dissenting]).
One of the plaintiffs is a certificated Supreme Court Justice. The Administrative Board determined that such Justices hold office by reason of their election to the Supreme Court, that they are exempt from the provisions of the Federal statute, and that their tenure is limited by Judiciary Law § 115. We find no error with that interpretation and no merit to the claim that such Justices’ constitutional rights have been abridged because they have been held elected, not appointed, officers who are exempt from the provisions of the Federal statute.
*343 Accordingly, the order of the Appellate Division should be affirmed and the cross appeal of the Westchester County Board of Elections should be dismissed as academic, all without costs.
Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in Per Curiam opinion; Chief Judge Wachtler and Judge Bellacosa taking no part.
Order affirmed, etc.