SHAUNDA LOVELACE et al., Plaintiffs, v GEORGE GROSS, as Commissioner of the New York City Human Resources Administration, et al., Defendants.

Supreme Court, Queens County, February 3, 1989

### APPEARANCES OF COUNSEL

*Morrissey & Thrope* for plaintiffs. *Robert Abrams, Attorney-General (Maryellen Weinberg* and *Robert J. Schack* of counsel), for defendants.

### OPINION OF THE COURT

ARTHUR W. LONSCHEIN, J.

This is a complaint which asks the court to declare Social Services Law § 131-c invalid to the extent that it applies the "grandparent deeming" rule to grants of relief under the Home Relief program.

This rule applies to minors with children of their own. It provides that if the minor parents reside in the home of their parents (their children's grandparents), the income of the

grandparents is deemed to be available to the grandchildren, and must be taken into account in calculating the grandchildren's eligibility for Home Relief assistance and the amount of such assistance. The rule applies only to children of minor parents, and ceases to apply when the parents reach age 18. Federal regulations require that this rule be applied to grants under the Aid to Dependent Children program, and plaintiff does not challenge its applicability in that context. There is no Federal requirement that it be applied to the Home Relief program, however, and plaintiff challenges its application there on equal protection grounds. The basis for the challenge is twofold: First, it is claimed that the application of the rule has no rational basis because the grandparents have no legally enforceable obligation to support the grandchildren. Secondly, it is claimed that the application of the rule to children of minor parents but not to children of parents between ages 18 and 21 who also reside with the children's grandparents has no rational basis, because the minor parents' attainment of legal majority at age 18 has no effect on the obligation of the grandparents to support them.

Plaintiff asks the court to apply an undefined "middle level of review". As stated in *Matter of Davis* (57 NY2d 382), however, the existence of a welfare article in our State Constitution does not command an intensified scrutiny of social services legislation.

The "grandparent deeming" rule, as applied to the Aid to Dependent Children program, was upheld against attack under the Federal and State Constitutions in *Capozzi v New York State Dept. of Social Servs.* (137 Misc 2d 193). Citing *Matter of Davis* (57 NY2d 382, *supra)* and *Bernstein v Toia* (43 NY2d 437), the court found that the Federal requirements provided a rational basis for the State regulation. This consideration is not applicable to the Home Relief program, which is funded exclusively by the State and is not dependent on Federal funds. However, the court also considered the applicability of the requirement under the State Constitution that the State provide for the needy (NY Const, art XVII, § 1). The court found that the Legislature's determination as to the extent and definition of the term "needy" had not exceeded the Legislature's discretion, citing *Tucker v Toia* (43 NY2d 1).

The court agrees with that determination. While it is true that in some cases, such as plaintiff's, the grandparents may not in fact be able or willing to contribute to the support of their grandchildren, the Legislature is not required to con-

struct a system which is perfect or which in practice avoids all inequities. *(Matter of Davis,* 57 NY2d 382, *supra.)*

The Legislature is entitled to consider and base its program on "any reasonable known or conceivable state of facts" *(Matter of Davis,* 57 NY2d 382, 389, *supra).* Here, the Legislature may well have reasoned that in general where minors with children reside with their parents, the grandparents will be willing to help support the infant children, notwithstanding the lack of a legal requirement for them to do so. Thus, in allocating the State's resources, the grandparents' income should be taken into account. The Legislature may well have reasoned further that when the minor parents reach 18, even though the grandparents' obligations of support to them remain unchanged, the grandparents will frequently demand that they take a greater, if not a total responsibility for the support of the minor children.

The Legislature might also reasonably have adopted the recommendation in the memorandum of the State Executive Department (1985 McKinney's Session Laws of NY, at 2950) that the eligibility requirements under the Home Relief program be harmonized with those under the Aid to Dependent Children program, to avoid confusion or excessive administrative costs. The memorandum also noted that if the "grandparent deeming" rule were not extended to the Home Relief program, Home Relief benefits in some cases would be greater than Aid to Dependent Children benefits. This could lead to a judicial finding that affected Aid to Dependent Children recipients must have their benefits increased to match Home Relief benefits, in turn leading to a Federal finding that the State had violated the Federal requirement that the rule be implemented. Since this could lead to the catastrophic consequence of the loss of Federal funds, the Legislature was entitled to be cautious and apply the rule uniformly to the Home Relief and Aid to Dependent Children programs. This would constitute a sufficient basis for the State's action, unrelated to the plaintiff's concerns.

Thus, neither argument against the constitutionality of the "grandparent deeming" rule has sufficient validity to overcome the "strong presumption" of the validity of legislative acts *(Marcus Assocs. v Town of Huntington,* 45 NY2d 501). The "grandparent deeming" rule is, therefore, found to be constitutional and the complaint is dismissed.