The Honorable Mike Beebe State Senator 211 Arch Searcy, Arkansas 72143
Dear Senator Beebe:
This is in response to your request for an opinion on the constitutionality of A.C.A. 24-8-215 (Supp. 1989). That statute provides that judges or justices must retire by their seventieth birthday or lose their retirement benefits. See24-8-215 (c)(2). You note that questions may arise with respect to this statute as to age discrimination and violation of equal protection. You also note that there appears to be an infringement on the elective process and the voter's rights when the issue is elected officials and the discriminating characteristic is age. Finally, you note that you do not believe any other constitutional officers or elected officials suffer from the same type of age discrimination with respect to their retirement systems.
For the reasons that follow, it is my opinion that the current state of the law appears to support the constitutionality of A.C.A. 24-8-215. Current U.S. Supreme Court precedent indicates that the constitutionality of this statute would be upheld against the challenges you mention. Additional guidance and precedent may be forthcoming, however, in a case which is now pending before the U.S. Supreme Court. See Gregory v. Ashcroft, 898 F.2d 598 (8th Cir. 1990), cert. granted, 111 S Ct. 507, 59 U.S.L.W. 3382.
We should note, however, that the federal cases on the topic by and large involve mandatory retirement provisions. The provision about which you inquire, A.C.A. 24-8-215, is not exactly a mandatory retirement provision. It does not require state judges to retire at age seventy. It conditions the eligibility or receipt of retirement benefits upon the judge retiring at age seventy. If a judge does not retire at seventy, he or she will forfeit retirement benefits. Although this is a different situation than that discussed in many of the cases, it is my opinion that the analysis would not differ markedly from that employed in the federal cases. We will thus look to these cases as precedent in answering your question.
Your request denotes three grounds for challenging the statute. You mention 1) "age discrimination", 2) a violation of equal protection, and the 3) particular nature of the infringement when the issue is the elective process and involves voter's rights. This latter issue has been couched in terms of violating first amendment rights of "political association" and the rights of voters to cast their votes effectively. Hatten v. Rains, 854 F.2d 687 (5th Cir. 1988), cert. denied109 S.Ct 3156, 104 L.Ed.2d 1019. We will address each of your concerns separately.
An initial issue which may be disposed of quickly is the applicability of the "Age Discrimination in Employment Act" ("ADEA"), found at 29 U.S.C. § 621-634. This act, which now open-endedly protects persons over the age of forty, does not apply to elected officials. 29 U.S.C. § 630 (f). Thus, to the extent your question refers to elected state judges, the ADEA is inapposite to our analysis.
The second issue you raise is a potential challenge on equal protection grounds. This issue was discussed in Gregory, and Hatten, supra. Both of these cases found no equal protection violation. In Gregory, an Eighth Circuit case, at issue was a Missouri constitutional provision which required retirement of state judges at the age of seventy. In Missouri, the judges were initially appointed, but then at the end of their term, had to place their names on the general election ballot and be approved by the electorate before they could serve another term. In Hatten, at issue was a Texas constitutional provision which required all Texas judges to retire at age seventy-five. Both courts applied the "rational basis" standard of review in concluding that no equal protection violation existed. Each court also noted that the decisions on the issue appear to be unanimous, and the court in Gregory went so far as to say that it was unable to find even a single case wherein a state mandatory retirement provision was found invalid under the Fourteenth Amendment. 898 F.2d at 604. See e.g., Malmed v. Thornburgh, 621 F.2d 565 (3rd Cir.), cert denied, 449 U.S. 955 (1980); Trafelet v. Thompson, 594 F.2d 623
(7th Cir.) cert denied, 444 U.S. 906 (1979); Rubino v. Ghezzi, 512 F.2d 431 (2d Cir.), cert denied, 423 U.S. 891
(1975). We should note, however, that this issue in Gregory is currently pending before the United States Supreme Court. The synopsis in U.S. Law Week, 59 U.S.L.W. 3382, of the granting of certiorari identifies as one of the questions presented the following:
 Does mandatory retirement at age 70 of Missouri state court judges, pursuant to Article V, Section 26 of Missouri Constitution, violate Fourteenth Amendment's Equal Protection Clause, given Missouri's selective imposition of mandatory retirement only upon its judges among all of its employees in non-physically demanding jobs?
Although this question is pending before the Court, the more serious issue raised in the Gregory appeal, and the reason which likely prompted the grant of certiorari, was the issue of whether the ADEA applies to state court judges who are appointed rather than elected. There is a split in the federal circuits on this question. See Gregory, supra, (holding that appointed judges are excluded from coverage under the ADEA); E.E.O.C. v. Comm'n of Massachusetts, 858 F.2d 52
(1st Cir. 1988), (holding ADEA inapplicable to appointed state judges); and E.E.O.C. v. Vermont, 904 F.2d 794 (2d Cir. 1990), cert granted, 111 S Ct 507, 59 U.S.L.W. 3391, (holding the ADEA applicable to appointed state judges.)
With this fact in mind, it may be concluded that the issue of the constitutionality of such mandatory retirement provisions is not one likely to be the focus of the upcoming Supreme Court decision, and may, it seems, be already settled by existing Supreme Court precedent. The Fifth Circuit in Hatten reluctantly held, in reaching its decision, that it was constrained by two dismissals of appeals from the New York courts by the U.S. Supreme Court. The U.S. Supreme Court dismissed the appeals for lack of a substantial federal question in Diamond v. Cuomo, 70 N.Y.2d 338, 520 N.Y.S.2d 732,514 N.E.2d 1356 (1987), appeal dismissed, ___ U.S. ___,108 S.Ct. 2008, 100 L.Ed.2d 597 (1988); and Maresca v. Cuomo,64 N.Y.2d 242, 485 N.Y.S.2d 724, 475 N.E.2d 95 (1984), appeal dismissed, 474 U.S. 802 (1985). As the court in Hatten noted, such dismissals are on the merits, and are binding on lower courts. 854 F.2d at 692. In these cases, the New York Court of Appeals upheld a law requiring retirement of elected judges at the age of seventy, and as noted, the U.S. Supreme Court dismissed the appeals.
We must thus conclude that according to existing precedent, and unless the forthcoming decision by the Supreme Court in Gregory requires a different result, an equal protection challenge to A.C.A. 24-8-215 would fail.
A final issue you mention is the possible infringement of rights which may occur because the judges in this case are selected through the elective process. The court in Hatten noted that this type of challenge involves a limitation on "ballot access". The court noted that in analyzing such restrictions, the court has focused on the rights of particular classes of voters to elect a candidate of their choice, and the degree to which the challenged restriction would operate as a mechanism to exclude certain classes of candidates from the electoral process. The court said that the inquiry is whether the challenged restriction unfairly or unnecessarily burdens the "availability of political opportunity.". 854 F.2d at 693. These concerns were addressed in the Hatten case, and were given some weight by that court. The court, however, felt constrained by the Supreme Court's dismissals of the appeals in the New York cases, even though those cases did not involve these issues. The Gregory case similarly does not involve these issues. It appears that at least one Circuit, (the Fifth, as evidenced by Hatten), believes the issue is controlled by Supreme Court precedent, and that a challenge based upon these "ballot access" theories would be unsuccessful.
We must therefore conclude, according to the analysis above, that A.C.A. 24-8-215 would withstand constitutional scrutiny. The upcoming decision in Gregory, however, may provide additional guidance.
One final point is worthy of note. The State of Arkansas has its own age discrimination act, found at A.C.A. 21-3-201 et seq. (1990-1991 Advance Code Service). The act was recently amended to eliminate the act's applicability cap of seventy years of age. See Act 33 of 1989 (3rd Ex. Sess). Our act, like the federal act, formerly protected only those persons between the ages of forty and seventy. It now, like the federal act, protects anyone over the age of forty. It is now open-ended. Our act makes it unlawful to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, condition, or privileges of employment because of the individual's age". 21-3-203(a)(1). Formerly, the two acts were entirely consistent because the age discrimination act only protected persons up to age seventy, and the retirement provision for state judges affected only judges seventy years of age or older. The age discrimination act did not apply to these judges because they were over seventy; they were outside the age cap. With the new amendment repealing the seventy year old age cap, the age discrimination act may apply to some judges over seventy. The Arkansas act, unlike the federal act, contains no exception for elected officials. There is, however, another exception found at A.C.A. 21-3-205.
This exception provides that nothing in the subchapter shall be construed to prohibit compulsory retirement of any employee sixty-five years of age, who:
 for the two-year period immediately before retirement, is employed in a bona fide executive or a high policy-making position if the employee is entitled to an immediate nonforfeitable annual retirement benefit from a pension, savings, or deferred compensation plan, or any combination of such plans, of the employer of the employee, which equals, in the aggregate, at least forty-four thousand dollars ($44,000).
It is unclear whether state judges could be classified as being in "bona fide executive or. . . high policy-making position[s]". A similar question is now pending before the U.S. Supreme Court in Gregory. In order to be denied coverage under Arkansas' age discrimination act, the judge would also have to be entitled to a pension of at least forty-four thousand dollars a year. We are not in a position to determine whether each state judge who would be affected by the Arkansas retirement provisions would be entitled to a pension in this amount.
We do not believe that it is necessary to answer these specific questions, however, because in my opinion the amendment of the age discrimination act, which eliminated the seventy year age cap, was not intended by the legislature to impliedly repeal or in any way affect A.C.A. 24-8-215, which requires that judges retire at seventy or lose their retirement benefits. Although, in my opinion, the act now protects any person over age forty from age discrimination, (unless excepted), it is my opinion that the act was not intended to operate so as to repeal other specific statutes governing the retirement of a class of employees. We recognize that a plausible argument could be made that the age discrimination act now operates to protect seventy year old judges, and because the amendment of this act was in 1989, later in time than the retirement provision, it would control over the provisions of 24-8-215. It has been stated, however, that where a special statute governs a particular subject, it shall apply instead of a general law. Brown Root, Inc. v. Hemstead County Sand Gravel, Inc., 767 F.2d 464 (8th Cir. 1985). Also, as a matter of statutory construction, where specific expressions conflict with general expressions, the rule is to give greater effect to the specific expression. Valley National Bank v. Stroud, 289 Ark. 284, 711 S.W.2d 785
(1986), citing Thomas v. Easley, 277 Ark. 222, 640 S.W.2d 797
(1982). Additionally, repeals by implication are not favored, and the implication must be clear and irresistible. Davis v. Cox, 268 Ark. 78, 593 S.W.2d 180 (1980).
It is thus my opinion that whether or not state judges fall within the exception listed in the age discrimination act, the act does not apply to them so as to nullify the provisions of A.C.A. 24-8-215.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb