OPINION OF THE COURT
Kaye, J.
 Plaintiffs, a putative class of infant children of minor mothers residing with the mothers’ parents, challenge the constitutionality of Social Services Law § 131-c (2) — the "grandparent-deeming” rule — which requires that a portion of the grandparents’ income be deemed available to the infants in determining their eligibility for Home Relief payments. We agree with the trial court and Appellate Division that the statute is valid under both State and Federal Constitutions.
Public Assistance Programs
New York participates in several cooperatively funded Federal-State programs to aid the needy. Among them is Aid to Families with Dependent Children (AFDC) (42 USC § 601 et seq.), which provides for cash payments to children under 18 and their caretaker relatives who meet Federal statutory requirements. The State actually furnishes the AFDC assistance (Social Services Law § 349) and — so long as Federal eligibility standards are met — is then reimbursed by the Federal Government for at least 50% of its allowable costs (42 USC § 602 [a]; § 603; Social Services Law § 153). New York additionally offers cash assistance through the Home Relief program (Social Services Law §§ 157-166), which is funded entirely by the State. Home Relief is a "residual category” intended to furnish aid to needy persons not receiving assistance under other programs (Matter of Lee v Smith, 43 NY2d 453, 458).
Eligibility for both AFDC and Home Relief is determined by measuring the countable income and resources of an individual or family against the State’s defined standard of need. That standard represents the State’s "view of the amount necessary to provide for the essential needs, such as food, clothing, and shelter, of a hypothetical family having the same composition as the family in question.” (RAM v Blum, 533 F Supp 933, 937.) Persons with income and resources below that standard are "categorically needy” and are eligible for cash payments to bring them up to the specified level (Social Services Law § 131-a). Families or individuals ineligible for direct cash grants through AFDC or Home Relief may *423 nonetheless qualify for in-kind benefits such as food stamps and Medicaid.
The Federal Deficit Reduction Act of 1984 (DEFRA) imposes added eligibility requirements for AFDC, including the grandparent-deeming rule: where the grandparent[1] lives in the same household as the grandchild and minor parent under the age of 18, certain grandparent income is deemed available to the infant for purposes of determining the infant’s eligibility for AFDC payments (42 USC § 602 [a] [39]). In 1985, New York enacted Social Services Law § 131-c (2) — mirroring the Federal statute — to conform to DEFRA and assure continued Federal participation in New York’s AFDC program (1985 McKinney’s Session Laws of NY, at 2952). Since Social Services Law § 131-c (2) applies to public assistance generally, it governs eligibility for both the AFDC and Home Relief programs. Plaintiffs challenge the grandparent-deeming rule only as applied to Home Relief.
As made clear in the Memorandum of the State Executive Department accompanying Social Services Law § 131-c (2), failure of New York to comply with the AFDC-related provisions of DEFRA risked a then-projected potential $1 billion loss of reimbursement. The Memorandum pointed out, additionally, that applying the same rule to Home Relief "would avoid inequalities in treatment among participants in the two programs and would avoid increased administrative costs for the State and local agencies which could result from the complexities of a dual system.” (1985 McKinney’s Session Laws of NY, at 2952.) Further, if DEFRA were not extended to Home Relief, "in certain circumstances Home Relief benefits would be higher than those provided under AFDC,” threatening that the entire benefit program might become fully financed by the State and local districts. (Id., at 2953.)
Not all grandparent income is deemed available in determining the infant’s eligibility for Home Relief. In calculating the monthly grandparent income to be considered, the following are excluded: (1) the first $75 of gross earned income; (2) an amount equal to the standard of need for the grandparent and all dependents living with the grandparent other than the minor mother and her infant; (3) alimony or child support *424 paid by the grandparent; and (4) other amounts paid by the grandparent to dependents living outside the home (Social Services Law § 131-c [2]; 18 NYCRR 352.30 [c]).
State Constitutional Provision for Aid to Needy
Plaintiffs’ primary contention is that Social Services Law § 131-c (2) violates article XVII, § 1 of the State Constitution, which declares that the "aid, care and support of the needy are public concerns and shall be provided by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine.” In this State, assisting the needy is a matter of constitutional command, not legislative grace (Jiggetts v Grinker, 75 NY2d 411, 416; Tucker v Toia, 43 NY2d 1, 7).
Analysis of the constitutional requirement begins with Tucker v Toia, relied on by both parties. Tucker involved a challenge to a statute requiring public assistance petitioners under the age of 21 and not living with a parent or guardian, who otherwise qualified as "needy” for the purposes of Home Relief, to commence a support proceeding against such parent or guardian. Absent disposition of the support proceeding, which might take months, no Home Relief payments would be provided. We concluded that statute was unconstitutional because it denied public assistance to persons who were concededly "needy” according to the State’s own definition of the term. "Since [petitioners] do meet the need criteria, and are thus a fortiori unable to support themselves without public aid, one must wonder how they are to survive [the] period of waiting for an overcrowded Family Court system to process their often quite futile support petitions.” (Tucker v Toia, 43 NY2d, at 7, supra.)
While recognizing that the Legislature may not refuse to aid the needy, Tucker also made clear that the Constitution vests the Legislature with discretion "in determining the amount of aid, and in classifying recipients and defining the term 'needy.’ ” (Id., at 8.) " 'The Legislature may continue the system of relief now in operation. It may preserve the present plan of reimbursement to the localities. It may devise new ways of dealing with the problem. Its hands are untied. What it may not do is shirk its responsibility which * * * is as fundamental as any responsibility of government.’ ” (Id., at 8, quoting Revised Record of Constitutional Convention, vol III, at 2126 [1938].)
*425 Plaintiffs urge that the grandparent-deeming rule is out- and-out avoidance of the Legislature’s constitutional responsibility. We disagree and conclude that the rule falls within the ambit of permissible legislative discretion in defining the term "needy.”[2]
As noted in the Memorandum of the State Executive Department, conformance of the rule to the Federal statute avoids risk to reimbursement, inequalities in treatment among program participants, and increased administrative costs. Those factors were not present in Tucker, which involved the Legislature’s attempt to impose a stricter standard for Home Relief than that applied to AFDC.
But mere conformance with Federal law cannot end the inquiry because of the State’s independent constitutional commitment to aid the needy (Matter of Lee v Smith, 43 NY2d, at 461-462, supra). Here, we conclude that the reasonableness of the grandparent-deeming rule goes beyond benefits derived from consistency with Federal law.
The assumption underlying the rule — that there are economies of scale in rent, food, fuel and other expenses of a single, three-generational household — is not unreasonable (see, Bowen v Gilliard, 483 US 587, 599-600; Termini v Califano, 611 F2d 367, 370 [recognizing "the commonsense proposition that individuals living with others usually have reduced per capita costs because many of their expenses are shared”]). Nor is the assumption that grandparents residing in a family unit with their minor children will voluntarily share income with their infant grandchildren even though not legally obligated to do so. The grandparent-deeming rule, moreover, applies to cash benefits only, and is not a complete bar to public assistance in other forms, such as food stamps and Medicaid.[3] Finally, *426 where available income still falls below the standard of need, the infant remains eligible for assistance.
In these circumstances, we cannot say the provision contravenes the letter or spirit of article XVII, § 1 (see, Matter of Jones v Blum, 64 NY2d 918, affg on opn below 101 AD2d 330, 333; Matter of Capozzi v New York State Dept, of Social Servs., 137 Misc 2d 193, 196).
This case differs fundamentally from Tucker v Toia. In Tucker, the impermissible burden fell on minors already classified under State law as needy, who were nonetheless compelled to prosecute often lengthy, futile legal proceedings before they could receive any benefits. What is before us now, in a far different factual setting, is a challenge to the Legislature’s definition of "needy,” which Tucker itself recognized as within the discretion of the Legislature. This is not a mere technical distinction between the cases, or a road map for circumvention of the constitutional command. While statutes enjoy a presumption of constitutionality, the Legislature’s discretion to ascertain and define the State standard of need is subject to judicial review and must be exercised reasonably.
Having in this case determined that the Legislature did indeed exercise its discretion reasonably, we conclude that Social Services Law § 131-c (2) does not contravene article XVII, § 1 of the State Constitution.
Equal Protection and Due Process Challenges
Plaintiffs next contend that Social Services Law § 131-c (2) as applied to Home Relief subjects the infants of minor mothers to disparate treatment in violation of the Equal Protection and Due Process Clauses of the State and Federal Constitutions.[4] They argue that the distinction drawn between minor mothers under 18 and minor mothers over 18, and the presumed availability of income of a grandparent who has no legal obligation to support the grandchild, serve no important governmental objectives, are not substantially related to achievement of those objectives, and have no rational basis.
We reject plaintiffs’ threshold contention that Social *427 Services Law § 131-c (2) should be examined under a "middle level” scrutiny since the provision threatens our most vulnerable citizens — children of indigent teenage mothers — with arbitrary classification. Because the statute involves economic and social welfare concerns, presenting no distinctions based on race, disability or other suspect classification, the rational basis test is the appropriate standard of review (Matter of Davis, 57 NY2d 382, 388; Matter of Bernstein v Toia, 43 NY2d 437). A classification that has a rational basis or relationship to a legitimate State interest will be upheld even though it " 'is not made with mathematical nicety or because in practice it results in some inequality.’ ” (Dandridge v Williams, 397 US 471, 485; see also, Bowen v Gilliard, 483 US 587, supra; Lalli v Lalli, 439 US 259.)
As discussed above, it is entirely reasonable for the Legislature to assume that grandparents will contribute to the support of infant grandchildren residing in their household, notwithstanding the absence of a legal obligation to do so (cf., Bowen v Gilliard, 483 US 587, supra [upholding similar DE-FRA provision regarding the inclusion of sibling income]; Lyng v Castillo, 477 US 635 [upholding household groupings for food stamp eligibility that assume parents and siblings are one household group]). Similarly, the fact that grandparent-deeming ceases for minor mothers between the ages of 18 and 21 parallels the reasonable assumption of Federal law that, after the mother turns 18, grandparents may be less willing to contribute to the support of their grandchildren, and will instead ask that the minor mothers assume greater responsibility for their infants.
In addition, Social Services Law § 131-c (2) furthers the State’s legitimate goal of allocating limited public assistance resources to the neediest applicants (Matter of Jones v Blum, 101 AD2d, at 334, supra; Matter of Lee v Smith, 43 NY2d, at 461, supra). Further, while DEFRA requires only that the rule be applied to AFDC, the Legislature’s application of the rule to New York State benefits is rationally related to the State’s interest in assuring consistency between the AFDC and Home Relief programs. As the Appellate Division noted, "if the Deficit Reduction Act were not extended to the Home Relief programs, Home Relief benefits would in certain circumstances be higher than those provided under AFDC, which ultimately could result 'in the complete erosion of the AFDC’ programs” (175 AD2d 914, 915 [citing 1985 McKinney’s Ses *428 sion Laws of NY, at 2953]; see also, Sutter v Perales, 64 NY2d 1095, affg on opn below 103 AD2d 1029, 1030).
Thus, we agree with Supreme Court and the Appellate Division that plaintiffs have failed to overcome the presumption of the validity of Social Services Law § 131-c (2).
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Acting Chief Judge Simons and Judges Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, without costs.

. "Grandparent” refers as well to the minor mother’s legal guardian. "Plaintiffs” in this opinion refers to the named plaintiff and nine similarly situated persons who were permitted to intervene when the motion to declare this a class action was denied.

. Our recent decision in Minino v Perales (79 NY2d 883) is not to the contrary, as defendants in that case conceded the unconstitutionality of the sponsor-deeming statute at issue there (id., at 885).

. Plaintiffs claim the grandparent-deeming rule was improperly applied to deny them Medicaid benefits. Defendants readily acknowledge that Social Services Law § 131-c (2) is inapplicable to Medicaid (see, 42 USC § 1396a [a] [17] [D]), but correctly point out that dismissal of the complaint was in any event proper because of plaintiffs’ failure to pursue administrative remedies for any improper denial of Medicaid benefits (see, Watergate II Apts, v Buffalo Sewer Auth., 46 NY2d 52, 57). Plaintiffs’ contention that they have a claim under 42 USC § 1983 that did not require exhaustion of administrative remedies is unavailing, because there is no assertion or showing that application of the grandparent-deeming rule to Medicaid benefits was a *426 policy or practice of defendants (see, Monell v New York City Dept, of Social Servs., 436 US 658). Indeed, several of the intervenors submitted documents demonstrating that they have been found Medicaid-eligible.

. As presented, the various constitutional claims are undifferentiated and coextensive with each other.