■ In the Matter of TYRIEK W. and Others, Infants. LAWYERS FOR CHILDREN, Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. In the Matter of SHAINA B. and Another, Infants. LAWYERS FOR CHILDREN, Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [613 NYS2d 146] —Orders, Family Court, New York County (Leah Marks, J.), entered November 17, 1993 (Tyriek W.), October 26, 1993 (Kwate E.), and January 14, 1994 (Monique C. and Shamel C., John Matthew T., Zuleika S. F. and Michael E.), which permitted withdrawal of petitions pursuant to Social Services Law § 358-a for Family Court approval of voluntary placement agreements placing the named children into foster care, and orders entered January 14, 1994 (Shaina B. and Stephanie C.), which permitted withdrawal of petitions pursuant to Social Services Law § 392 for Family Court review of the foster care status of the named children, unanimously affirmed, without costs.

We agree with Family Court that the amendments to New York State Department of Social Services Regulations (18 NYCRR 421 *et seq.),* which permit minor parents who are themselves in foster care to retain custody and to receive

services and support without the necessity of going through the fiction of voluntarily placing their children into foster care pursuant to Social Services Law §§ 358-a and 384-a, achieve the desirable and worthy goal of keeping these children out of foster care. The Law Guardian's argument that the children of minor parents in foster care will be deprived of necessary services and benefits due to the removal of certain administrative and judicial procedures is without merit. The regulations involve economic and social welfare concerns presenting no distinctions based on race, disability or other suspect classification, and are not constitutionally impermissible *(see, Lovelace v Gross,* 80 NY2d 419). Should a parent or the Commissioner of Social Services need to place a child into foster care for a reason other than that the parent is already in foster care, that can still be achieved. Finally, although Social Services Law §§ 358-a and 392 impose time limits on the Commissioner of Social Services in petitioning the Family Court for review of agreements or foster care plans and on the court in undertaking such review, nothing in those statutes prohibits the withdrawal of such petitions with the court's permission. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.