■ In the Matter of the Claims of Jewel Restaneo et al., Appellants. Commissioner of Labor, Respondent. [767 NYS2d 707]—

---

Peters, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed May 14, 2002 and May 16, 2002, which ruled that claimants were ineligible to receive unemployment insurance benefits because they were less than 14 years of age.

Claimants were employed as child performers when they were both less than 14 years of age. When their employment ended, they applied for and were denied unemployment insurance benefits based upon Labor Law § 511 (14) which prohibits them from receiving such benefits based upon their age at the time of their employment. The initial determinations denying benefits were sustained after a hearing before an Administrative Law Judge and upon their review by the Unemployment Insurance Appeal Board. This appeal challenges the constitutionality of Labor Law § 511 (14) based upon the equal protection and due process clauses of the New York and United States Constitutions.

It is established that "age is not a suspect class and therefore the appropriate standard of review is whether the classification[ ] created [is] rationally related to some State interest" (*Diamond v Cuomo*, 70 NY2d 338, 342 [1987], *appeal dismissed* 486 US 1028 [1988]; *see Lovelace v Gross*, 80 NY2d 419, 427 [1992]). While a minor less than 14 years of age is generally prohibited from being employed "in or in connection with any trade, business, or service" (Labor Law § 130 [1]), an exception exists for child performers (*see* Labor Law § 130 [2] [a]); such minors are not, however, eligible to receive unemployment compensation benefits when their employment ceases (*see* Labor Law §§ 130, 511 [14]). In reviewing the propriety of this legislation prior to its passage, arguments in support cautioned that compensation to these minors would be deemed an improper use of funds allocated to this program which was designed to address economic insecurity due to unemployment (*see* Labor Law § 501). Focusing upon the need to lighten the burden laid upon the unemployed worker and the worker's family, and articulating the concern that children under the age of 14 should not be deemed bonafide members of the labor force since they cannot independently seek and keep a job without the assistance of others, supporters urged that the payment of benefits to minors would expose the entire program to criticism and adverse public reaction.

Analyzing the provision at issue within these parameters and

acknowledging the exceedingly strong presumption of constitutionality accorded to legislative enactments (*see Carpenter Tech. Corp. v Commissioner of Taxation & Fin.*, 295 AD2d 830, 834 [2002], *lv denied* 99 NY2d 501 [2002]), we find that it is consistent with a legitimate goal of allocating limited resources in an effective manner (*see e.g. Lovelace v Gross, supra* at 427). Finding the classification rationally related to a legitimate state interest even though it " 'is not made with mathematical nicety or because in practice it results in some inequality' " (*Dandridge v Williams*, 397 US 471, 485 [1970], quoting *Lindsley v Natural Carbonic Gas Co.*, 220 US 61, 78 [1911]; *accord Lovelace v Gross, supra* at 427), our review is complete.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.