OPINION OF THE COURT
Philip S. Straniere, J.
*339 Claimant, Egon J. Salmon, Inc., doing business as Salmon Real Estate, commenced this small claims action against the defendant, Robert E Tamarin, alleging that the defendant failed to pay real estate commissions claimant had earned. The complaint, issued by the clerk of the court on August 29, 2006, had a trial date of September 28, 2006. On September 15, 2006, the defendant submitted a letter stating he is 78 years of age and requesting that the case be transferred to day court. Defendant also requested that owing to some medical problems that the matter be adjourned until the end of November or beginning of December 2006. As is the policy of the Civil Court, the court granted the application and transferred the matter to the day small claims calendar on November 28, 2006. On September 19, 2006, the clerk notified the parties of the new date.
On September 25, 2006, the claimant filed a motion objecting to the transfer to the day Small Claims Part on the grounds that a day appearance would interfere with claimant’s work schedule and that there were other members of defendant’s law firm that could appear and defend the action. The submission of this application required the court to analyze the statutory authority, if any, for permitting small claims cases to be heard during the day
Issues Presented
A. Does New York City Civil Court Act § 1815 Apply?
For a number of years the Civil Court has permitted small claims actions by senior citizens, persons with disabilities and individuals who were required to work at night to have their cases heard in the day pro se part of the court. This policy is based on a section of the New York City Civil Court Act. CCA 1815, “Access to daytime pro se part,”[1] provides:
“1. Senior citizens, disabled persons and members of the work force whose normal work schedule requires them to work during evening hours may institute a small claims action or proceeding returnable to the daytime pro se part of the court.
“2. The clerk of the court shall verbally inform all claimants who appear to qualify or who submit adequate documentation, upon commencement of the *340 small claims action, of the right to have any small claims heard in the daytime pro se part upon such terms as provided herein. Notwithstanding any inconsistent provision of law, a claimant shall have the right upon presenting proof to the clerk that he is sixty-five years of age or older, that he is disabled as defined in subdivision twenty-one of section two hundred ninety-two of the executive law[2] or that he is employed in a capacity which requires him to work during evening hours and the court shall proceed to hear the case according to the practice and procedure applicable to the small claims part.[3]
“3. The clerk of the court shall publicize the availability of such forum. Such publicity shall include but not be limited to prerecorded taped messages and large signs in English and Spanish to be posted in conspicuous locations in each small claims court clerk’s office, advising the public of the availability.”
If the court were to apply CCA 1815 (the one above, not the one in the footnote), as it is written, then the court would have to conclude that the defendant, who is 78 years old, could not assert the privilege of having the case transferred to the day Small Claims Part and the court was wrong in previously granting that application. The language of CCA 1815 (1) refers only to the ability of senior citizens, disabled persons or persons with work hour restrictions to “institute a small claims action or proceeding.” There is no grant in the statute to a defendant who falls into one of those categories the ability to assert this privilege. Since there is no requirement that an answer be filed in a small claims action, there appears to be no mechanism available to a defendant who is in one of those categories to seek to have the case transferred to the day Small Claims Part.
Subdivision (2) of this section provides that the clerk “shall verbally inform all claimants who appear to qualify or who submit adequate documentation, upon commencement of the *341 small claims action” (emphasis added) of the right to have the claim heard during the day. No written notification is given to a claimant by this statute of this right. Under the statute as written, it appears that the clerk is making a determination of a claimant’s status based solely on visual observations. Such a procedure is facially suspect, may amount to “profiling” and; for the reasons set forth below, is unconstitutional.
An examination of Uniform Civil Rules for the New York City Civil Court (22 NYCRR) § 208.41 reveals that there is no provision in the rules for a claimant to elect to utilize this statutory right nor is there any section which grants this privilege to a defendant. In fact, the form complaint established by this section of the Civil Court rules, which is served upon the defendant, does not advise any defendant who is more than 65, disabled or with a work-hour-related problem of the right to have the case heard during the day. The form complaint directs that “[y]ou must appear and present your defense and any counterclaim you may desire to assert at the hearing at the time and place above set forth . . . .” So, if the claimant has selected the evening session, a defendant falling into one of the protected categories would never know that there is a day session for Small Claims Court.
CPLR 3403 (a) (4) permits a trial preference “in any action upon the application of a party who has reached the age of seventy years.” This trial preference is available to both the plaintiff and the defendant. This shows that in reference to trial preferences the Legislature intended to benefit both plaintiffs and defendants. However, the preference may only be asserted by the party having reached age 70 (Libow v Brill, 127 Misc 2d 661 [1985]). The fact that this statute is “party neutral” leads to the conclusion that the Legislature deliberately intended to limit CCA 1815 to claimants.
It can only be concluded that under the statute as currently written the defendant had no statutory right to request that the matter be transferred to the day small claims calendar.
B. Is CCA 1815 Constitutional?
New York State Constitution, article I, § 11 provides: “No person shall be denied the equal protection of the laws of this state or any subdivision thereof.” Case law has held that age is not generally considered a “suspect classification” so that the standard of review is whether or not a classification based on age is rationally related to some state interest (Diamond v Cuomo, 70 NY2d 338 [1987], appeal dismissed 486 US 1028 *342 [1988]). Interestingly, the leading cases on this issue are on the often questioned practice of New York State mandating that all judges other than elected Supreme Court justices retire at age 70.
Case law also has held that persons suffering from a disability are not a “suspect class” for constitutional purposes (Matter of Board of Educ. of Northport-E. Northport Union Free School Dist. v Ambach, 107 Misc 2d 830 [1981], mod on other grounds 90 AD2d 227 [1982], affd 60 NY2d 758 [1983], cert denied 465 US 1101 [1984]). Finally, no one can argue that the hours of employment of an individual should be considered a “suspect class” for constitutional purposes.
The fact that neither age nor disability is a “suspect class” does not lead to the conclusion that CCA 1815 is constitutional.
Is the purpose of the statute to protect “claimants” or three specific groups of persons? The answer is obvious. The Legislature has indicated that it wants to give three classes of persons the opportunity to appear in day court. The right attaches because of the status of the person who just happens to be a claimant, not because that particular individual is commencing small claims litigation. Because the status of the person, that is, their age or disability, is the important consideration, the fact that the right does not attach to small claims defendants makes this statute unconstitutional. The right to have a case heard in day Small Claims Part must also be provided to defendants and not just claimants.
In order to understand what was the intent of the Legislature in enacting this statute, a review of the “Legislative findings and intent” is helpful. When this statute was added in 1990, the Legislature was making permanent a demonstration program begun in the Small Claims Part of the Civil Court in 1989. The Legislative findings and intent states:
“The legislature hereby finds that the current nighttime sessions in small claims court create an undue hardship and preclude the use of the court by the elderly and the disabled, who are apprehensive or unable to venture out at night and for members of the work force who are unable to attend nighttime sessions.
“It is the intent of the legislature to enhance the accessibility and availability of a judicial forum for the small claims actions of senior citizens, disabled persons, and persons who work at night by provid *343 ing an opportunity to have their grievances heard and addressed during the daylight hours.
“It is the further intent of the legislature that by the enactment of the provisions of this act, the provisions of chapter 715 of the laws of 1988, which provided for a temporary program together with the modification contained herein with respect to the accessibility of the day time pro se part of the court in the city of New York for members of the work force shall be made permanent.” (L 1990, ch 760, §1.)
There is nothing in this statement that indicates that the Legislature intended the statute to apply only to claimants. It is clear that the demonstration program commenced in 1989 was being codified with the purpose of giving senior citizens and persons with disabilities the opportunity to have their cases heard during the day. There is nothing in the legislative history to indicate that the statute was to be limited solely to claimants, although obviously it was drafted with the limiting language. The Bill Jacket is replete with letters in support of the legislation by groups concerned with the interests of the elderly and the disabled, and not persons seeking to benefit “claimants.” In fact, the law as adopted in 1990 lowered from 70 to 65 the age at which a person could assert this right thereby expanding the number of persons who could potentially assert this right.
The procedure for determining a claimant’s status so as to be entitled to be offered the option of day court is also questionable. The statute requires the clerk of the court to “verbally inform all claimants who appear to qualify” (CCA 1815 [2] [emphasis added]) of the privilege of having the case heard in day court. What training does a clerk have to make this determination? Can it be reasonably expected for a clerk to be able to differentiate between a litigant who is 64 and one who is 65? How does the clerk determine if a person has a nonvisible disability since Executive Law § 292 (21) covers all types of disabling conditions, not just apparent ones? The current procedure is fraught with the possibility of error and prejudice to litigants.
The statute is also contradictory in that it provides at subdivision (2) for the clerk to verbally inform claimants of the right, while subdivision (3) also directs the clerk to publicize this in “prerecorded taped messages” (so digital and video messages are not in compliance?) and “large signs,” whatever that means *344 since there is no definition as to what constitutes a “large sign.” Perhaps the clerk should consult Harriet Ziefert who wrote “How Big Is Big?” The statute does not provide any such notice to defendants. Nor does it contain a mechanism for a defendant to learn that such a right might exist.[4] What if a defendant appears at the office of the clerk and inquires as to the availability of a day Small Claims Part? The statute as written would prohibit the clerk from providing an elderly person or person with a disability with this information.
What is to prevent a claimant from using the small claims procedure to harass an elderly or disabled defendant by bringing the action at night in the hope that the defendant would default in appearing thereby leading to the entry of a default judgment? Since presumably the parties had dealt with each other in some manner, the claimant would presumably have knowledge of the age or disabled condition of the defendant.
The statute as written is unconstitutional. The fact that the clerk of the court may be ignoring the statute and providing the information to defendants does not correct the legislation’s infirmity. The clerk is directed to devise a new form small claims complaint that will inform both claimants and defendants of this right.
C. What Procedure is Available to a Defendant?
Since a defendant does not have a statutory right to have the case heard in day court, may that defendant make a motion setting forth the existence of the protected status and seeking a transfer to day court? Uniform Civil Rules for the New York City Civil Court (22 NYCRR) § 208.41 (m) provides:
“All motions pertaining to small claims shall be made returnable at a part and session appointed for the hearing of small claims, except that a motion to remove a case from the small claims part shall be made returnable in the appropriate motion part in the county division of the court in which the action is pending, and shall be in accord with the rules of *345 the NYCCCA generally applicable to motion practice.”
Does the defendant make the motion in the night Small Claims Part which he or she is alleging he or she cannot attend because of special circumstances? Clearly, if the defendant cannot attend the trial at night because of age, disability or work, how can the defendant be compelled to attend at night for the motion? This of course is not an issue if the right to day court does not apply to defendants. Presumably to avoid this absurd result, the defendant could make the motion in the day Small Claims Part. But how would the defendant know to do this since the statute only gives the right to the claimant? There is no requirement to file an answer in the Small Claims Part so the clerk would not be able to verbally inform the defendant of the right, neither would the defendant see the “large signs” nor hear the “prerecorded taped messages.”
The defendant in this case made the request for day court by letter, which the court in the interest of justice granted. The proper procedure would have been to require the defendant to file a motion on notice returnable in the day Small Claims Part. As pointed out above, to have the motion returnable at night would make the right meaningless.
D. Does the Corporate Claimant Have the Standing to Object to Transfer?
Currently before the court is an order to show cause by the claimant seeking to have the case restored to the night small claims calendar on the ground that it would cause a business hardship for the claimant to appear during the daytime. The claimant seeks to have its application heard in the evening.
If the court were to schedule the motion in the evening, then the defendant, who requested the day Small Claims Part for trial, would have to appear at night to oppose the motion thereby subverting the statutory preference of CCA 1815 which the court is holding applies to both claimants and defendants. If the defendant was able to appear and oppose the motion, the defendant should also be able to appear for trial.
The lack of a formal procedure to deal with this problem leads to a new application of Joseph Heller’s “Catch-22.” Since there is a day Small Claims Part, claimant’s application must be scheduled during the daytime and not at night. To fail to do so would negate the statute’s intent to protect the rights of persons age 65 or older and those with disabilities.
Further, claimant is a corporation. It cannot assert that it is a hardship for it to appear during the day. The right to request *346 the day Small Claims Part is a right offered to individuals by the Legislature. Since a corporation is a creature of statute, it only has those rights and privileges given to it by the Legislature. There is nothing in the statute that would lead to the conclusion that the right to request the day Small Claims Part extends to corporate entities. The Legislature did amend the traditional rule that a corporation must appear by an attorney as required by CPLR 321 (a) by permitting a nonattorney to appear for a corporation only on the defense of an action (CCA 1809, 1809-A), but it has not acted to give corporations the same procedural rights of individuals in this part of the court.
Claimant in its application also alleges that there is no need for an adjournment since “there are other council [sic] in defendant’s firm that can appear at night on their behalf.” This allegation is contradicted by the complaint filed by claimant. Claimant has named as the defendant “Robert P. Tamarin in care of Tamarin, Tamarin, Lasher and Gola.” This designation makes Robert P Tamarin an individual defendant. Had claimant wanted to sue the law firm, it should have been named and not Robert P Tamarin “in care of” a law firm. “In care of” appears merely to be a method of mailing to an individual who might not have another valid address in a jurisdiction. It is not a legal classification giving jurisdiction over an individual. It should be pointed out that if claimant is suing Tamarin as an escrow agent then the seller and buyer might be necessary parties to this action. As structured now, claimant is contending that the brokerage services were rendered to Tamarin individually.
Claimant is also advised that in order to maintain this action claimant must produce a current real estate brokerage license as well as proof that as a “d/b/a” it is in compliance with General Business Law § 130.
Conclusion
New York City Civil Court Act § 1815 in regard to a party’s right to use the day Small Claims Part is unconstitutional as written. The Legislature must act to rewrite the statute so as to clarify that the right applies to both claimants and defendants. The Legislature must establish a procedure for notifying the public of the existence of this right that does not rely on the visual acumen of the clerk’s office. The Legislature must establish a procedure for a party to assert this right whether by motion or answer or some other method. The current system is to *347 continue in effect while the discriminatory aspects of this procedure are remedied.
Claimant’s order to show cause is declined. The evidence establishes that the defendant is more than 65 years of age and is entitled to have the case heard in the day Small Claims Part.

. Not to be confused with the other CCA 1815 designated “Appearance by non-attorney representatives.” How is it possible to have two sections of the New York City Civil Court Act with the same number? As Teyve says in “Fiddler on the Roof’ — “I don’t know? It’s a tradition.” To date the court has identified at least 18 duplicately numbered statutes. Perhaps the character from “Catch-22” who sees everything twice is working in the Legislature.

. Executive Law § 292 (21) provides:
“The term ‘disability’ means (a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment. . . .”

. This section has not been amended to be gender neutral.

. The booklet “A Guide to Small Claims Court” prepared by the Unified Court System (at 9) provides: “If you are a senior citizen (65 years of age or older) or you are disabled, or if you work during the evening, the Small Claims Clerk will schedule your case during a daytime session.” Presumably this booklet is available to both claimants and defendants. It either gives the defendant the mistaken impression that his or her case may be heard in day court or recognizes the unconstitutional nature of the statute and has by administrative fiat altered the language of the statute.